THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT CURTIS ROGERS, Defendant-Appellant.

Fifth District   No. 79-19

Opinion filed October 15, 1979.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and E. Joyce Randolph, law student, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

The defendant, Robert Rogers, was tried for attempt burglary and possession of burglary tools before a jury in the Circuit Court of Madison County. He was convicted of attempt burglary and acquitted of possessing burglary tools. As ground for his appeal from the burglary conviction, defendant argues that the evidence did not establish his guilt beyond a reasonable doubt.

At approximately 2:35 p.m. on June 20, 1978, a silent burglar alarm on the rear door of the Madison Aluminum Foundry in Granite City was tripped. About 3 minutes later, Granite City Police Sergeant Glenn Wright arrived at the foundry and began checking the doors and windows. Near the rear door of the foundry he heard a noise and saw the defendant stand up behind some stacked crates. Sergeant Wright also noticed a hole approximately 5 inches by 5 inches chipped in the door underneath the knob. Defendant was approximately 15 feet from the door. A screwdriver and claw-headed hammer were lying on the ground between the door and defendant. When asked by the officer what he was doing, defendant responded that he was defecating.

In the course of handcuffing defendant following his arrest, Sergeant Wright removed a large sliver of wood from defendant's shirtsleeve. Additional woodshavings were found subsequently on defendant's trousers. The samples matched the broken plywood on the foundry door and were admitted in evidence at trial. Fingerprints could not be taken from the handle of the hammer and no attempts were made to take prints from the screwdriver.

Following his arrest, defendant told investigating officers that a friend drove him to the area in order to seek employment, but he refused to divulge the friend's name. Defendant further stated that he owned a 1968 Thunderbird, which was parked at home, but the officers found no record of such ownership; however, they did find defendant's 1969 Cadillac parked approximately 400 feet from the foundry's rear door. Defendant at first told police that he passed by the door without stopping but later admitted trying the back door to seek employment.

Raymond Plese, owner of the Madison Aluminum Foundry, testified that the normal hours of operation of the foundry were from 8 a.m. to 4 p.m. but on the date of the incident, he had closed the foundry at noon. Before leaving, he checked the back door, found nothing amiss, and set the silent alarm. According to Plese, defendant had applied for employment at the foundry approximately a week prior to the incident. Plese had told him he would be hired the next day if he returned. Defendant did not come back until several days later, at which time Plese told him the position had been filled. Both conversations occurred inside the foundry after defendant had entered through the front door. Plese

testified that he had not instructed or invited defendant to return at a later time, although defendant indicated that he might do so.

■■ The offense of attempt burglary is proved when evidence establishes beyond a reasonable doubt that a substantial step toward a knowing and unauthorized entry to a building was taken with the intent to commit a felony therein. (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4(a), 19—1.) The evidence relied upon may be circumstantial, as long as it is inconsistent with any reasonable hypothesis of innocence. (*People v. Fletcher* (1978), 72 Ill. 2d 66, 377 N.E.2d 809; *People v. Castile* (1975), 34 Ill. App. 3d 220, 339 N.E.2d 366.) It is not required, however, that the State establish guilt beyond the possibility of doubt (*People v. French* (1978), 59 Ill. App. 3d 353, 375 N.E.2d 502), and the trier of fact is not required to elevate to the status of reasonable doubt any shred of evidence compatible with innocence. *People v. Goodwin* (1975), 24 Ill. App. 3d 1090, 322 N.E.2d 569.

In addition to defendant's presence at the scene of the crime, the jury had before it evidence that defendant had twice previously entered the foundry and been within viewing distance of substantial quantities of valuable ingots stored inside. Testimony established that the back door had not been damaged prior to noon on the day in question. Wooden chips found on defendant's clothing linked him to the damaged door. When questioned initially, defendant told police he had not been at the rear door. Later he changed his version of events and told them that he had tried the rear door looking for work. The implausibility of this explanation is underscored by defendant's familiarity with seeking employment through the front entrance. His untruthful statement concerning his automobile provided a further basis for doubting his version of events. The jury could have concluded reasonably that the splinters found on defendant's clothes were the result of his attempt to gain entry. His explanation concerning personal activities behind the crates did not rule out other criminal acts and could have been regarded as a mere interruption.

■■ It is the jury's province to draw inferences from the evidence, and the jury's verdict will not be reversed on grounds of insufficient evidence unless there is a reasonable and well-founded doubt and the verdict is palpably contrary to the weight of the evidence. (*People v. Castile.*) We believe that the State's evidence, taken in toto, was inconsistent with any reasonable hypothesis of innocence and was sufficient to prove beyond a reasonable doubt that defendant knowingly took a substantial step—the creation or enlargement of a hole in the door—toward the commission of a burglary.

The defendant relies on *People v. Ray* (1972), 3 Ill. App. 3d 517, 278 N.E.2d 170, *rev'd on other grounds* (1973), 54 Ill. 2d 377, 297 N.E.2d 168.

In *Ray*, defendant was arrested in an alley located behind a photography studio. The defendant was wearing gloves, carrying a pry bar, and also had a flashlight. Upon inspecting the surrounding premises police found gouge marks on the outside of two windows of the studio. A scientific examination of the pry bar, gloves and flashlight was made but it failed to yield any evidence or trace of paint that would tend to prove that the bar had made the pry marks which appeared on the window. At the time of his arrest, Ray stated that he had entered the alley in order to defecate. The appellate court reversed Ray's conviction on the basis that there was no evidence that Ray was responsible for the pry marks.

The facts of the instant case differ markedly from *Ray*. Here defendant was found to have wood chips on both his shirt and trousers. Those wood chips matched the wood in the door. The jury could have concluded that the number of wood chips found on the defendant exceeded the amount which would have adhered to someone innocently attempting to turn the doorknob. At first, defendant denied being at the door, but later admitted being there. The location of defendant's automobile near the foundry and his untruthfulness concerning it reflected adversely on his statement that he was only looking for work. Assuming, *arguendo*, the truth of defendant's statement concerning his bodily functions, the jury could have concluded nonetheless that defendant had only been momentarily interrupted from his criminal endeavor.

Defendant also relies on *People v. Toolate* (1976), 45 Ill. App. 3d 567, 359 N.E.2d 1062. Toolate was convicted of attempt burglary of the Maid Rite Sandwich Shop. A crowbar was found near the building. A screwdriver was found near the intersection by which Toolate passed. Pry marks were found on the east door of the sandwich shop, and gloves were found in defendant's automobile. The appellate court ruled that there was insufficient evidence to prove defendant guilty beyond a reasonable doubt because there was no evidence that the crowbar or screwdriver belonged to the defendant or were ever in his possession or that those instruments were used to pry at the door.

Again we note significant differences between the facts of the cited case and the facts before us. In *Toolate*, there was no evidence that the pry marks had not been there the day before, whereas here there had been no damage to the door as of 2½ hours before defendant's presence. The evidence further established that this defendant had substantial contact with the door, while no such evidence was produced in *Ray* and *Toolate*. *People v. Trapps* (1974), 22 Ill. App. 3d 1029, 318 N.E.2d 108, also cited by defendant, is not applicable.

The defendant contends that his acquittal on the charge of possessing burglary tools is inconsistent with his conviction for burglary.

The information charged that "defendant knowingly possessed one screwdriver and hammer suitable for use in breaking into a building with the intent to enter any such place and with the intent to commit therein a theft." Fingerprints could not be obtained from the tools, and the State's expert witness testified that he could not form an opinion that the hole in the foundry door had been made by either instrument.

■■■ The jury evidently was not satisfied beyond a reasonable doubt that defendant could be linked to the hammer and screwdriver. Alternatively, they could have believed that other tools besides those found were used to produce the hole. In either case, the essential elements of the possession of burglary tools, *viz.*, possession of instruments suitable for breaking into a building with the intent to commit a felony therein (Ill. Rev. Stat. 1977, ch. 38, par. 19—2), can be proved or disproved without regard to the elements of attempt burglary. The two are separate offenses and acquittal of possession of burglary tools is not inherently inconsistent with conviction of attempt burglary. (*People v. Stover* (1970), 121 Ill. App. 2d 263, 257 N.E.2d 580.) In order to sustain a conviction of attempt burglary it is not necessary that the means of attempt be conclusively established. (*People v. Fletcher* (1978), 72 Ill. 2d 66, 377 N.E.2d 809.) Inasmuch as each offense comprises distinct statutory elements, we find no inconsistency in the verdict. (*People v. Rudolph* (1977), 50 Ill. App. 3d 559, 365 N.E.2d 930.) Defendant's acquittal of possessing burglary tools does not evidence or constitute reasonable doubt that he attempted the separate offense of burglary. Furthermore, the verdict may have resulted from the jury's exercise of its historic power of lenity. (*People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 755.) The jury's prerogative in this regard prevails over the risk of compromise or inconsistent verdicts. *People v. Murray* (1975), 34 Ill. App. 3d 521, 340 N.E.2d 186.

The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.