**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward DAVIS, Defendant–Appellant.**

**No. 92–1357.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 1993.

Decided Feb. 10, 1994.

Barry R. Elden, Asst. U.S. Atty., John J. Tharp, Jr. (argued), Criminal Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Carol A. Brook, Mary M. Rowland (argued), Office of the Federal Defender Program, Chicago, IL, for defendant-appellant.

Before BAUER, CUDAHY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Edward Davis was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). He now appeals the district court's enhancement of his sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). Mr. Davis submits that attempted burglary under Illi-nois law, which served as a predicate offense for the district court's enhancement of his sentence, is not a "violent felony" as defined in § 924(e)(2)(B)(ii). We cannot accept this argument and, accordingly, affirm the judgment of the district court.

## I

## BACKGROUND

On September 10, 1991, Mr. Davis was convicted of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); he was also convicted of possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5872. Under the United States Sentencing Guidelines, Mr. Davis was subject to a sentence of approximately five years. However, because Mr. Davis had been convicted of four previous felonies, the government moved for enhancement under § 924(e) of the ACCA, which mandates a sentence of not less than fifteen years. The four prior convictions, all of which occurred in Illinois, were as follows: (1) a 1978 burglary conviction; (2) a 1979 burglary conviction; (3) a 1982 attempted burglary conviction; and (4) a 1985 residential burglary conviction. Mr. Davis challenged the use of all but the 1985 conviction for § 924(e) purposes.

On February 7, 1993, the district court agreed with the government and sentenced Mr. Davis to fifteen years under the ACCA. Although it determined that the plea hearing held in conjunction with the 1978 conviction did not satisfy constitutional standards, the district court held that the other three convictions were violent felonies that could serve as predicates for enhancement under § 924(e). In so holding, the district court concluded that the 1982 conviction for attempted burglary was a "violent felony" as that term is defined in the ACCA. Section 924(e) of the ACCA provides in relevant part:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be

fined not more than $25,000 and imprisoned not less than fifteen years. . . .

(2) As used in this subsection—

. . . .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

■ On appeal, Mr. Davis does not contest the underlying conviction under § 922(g)(1). Instead, he submits that a previous conviction for attempted burglary under Illinois law does not constitute a predicate "violent felony" for purposes of sentence enhancement under § 924(e) of the ACCA. The government, on the other hand, argues that such a conviction falls under the "otherwise" clause of § 924(e)(2)(B)(ii).[1] Because the issue is one of law, we review the district court's interpretation of § 924(e) de novo. *See United States v. White,* 997 F.2d 1213, 1215 (7th Cir.1993).

## II

## DISCUSSION

### A. *Governing Principles*

Although the issue of whether an attempted burglary under Illinois law constitutes a violent felony for purposes of § 924(e) is one of first impression in this circuit, the general issue of whether attempted burglary can serve as a predicate offense is hardly a novel question. Eight circuits have addressed the same question in the context of other state statutory definitions of attempted burglary,

and those cases provide useful guidance for our own inquiry.

One of the first circuits to address the issue was our neighbor to the east, the Sixth Circuit. In *United States v. Lane,* 909 F.2d 895, 903 (6th Cir.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991), it concluded that attempted burglary in Ohio falls under the "otherwise" clause of § 924(e)(2)(B)(ii) because it is a "crime which 'involves conduct that presents a serious potential risk of physical injury to another.'" The court based its conclusion on the fact that the Ohio burglary statute requires the actual or likely presence of a person in the burglarized structure. It also read the Supreme Court's decision in *Taylor v. United States,* 495 U.S. 575, 588, 110 S.Ct. 2143, 2152–53, 109 L.Ed.2d 607 (1990), as recognizing that burglary involves "an inherent potential for harm to persons." *Lane,* 909 F.2d at 903. Thus, the court stated that attempted burglary, which it did not believe diminished this risk of injury, should also be treated as a violent felony:

> The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. The fact that [the defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary.

*Id.* (citations omitted).[2] In *United States v. Payne,* 966 F.2d 4 (1st Cir.1992), the First Circuit reached the same result in concluding that attempted breaking and entering under Massachusetts law is a § 924(e) violent felony. Noting that the Sixth Circuit had already addressed the issue in *Lane,* Judge Campbell wrote:

---

**1.** Although the district court stated at the sentencing hearing that attempted burglary is "probably included in the word 'burglary' [in § 924(e)(2)(B)(ii) ]," Tr. at 435, the government concedes that this is "a view seemingly foreclosed by . . . *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990)," Appellee's Br. at 9.

**2.** The Sixth Circuit again followed this approach a year later in concluding that attempted breaking and entering under Michigan law constitutes a violent felony for § 924(e) purposes. *See United States v. Fish,* 928 F.2d 185, 188 (6th Cir.) ("We need not discuss this issue at length because we addressed the very same issue in [*Lane* ]."), *cert. denied,* — U.S. —, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991).

[T]he risk of injury arises, not from the completion of the break-in, but rather from the possibility that some innocent party may appear on the scene while the break-in is occurring. This is just as likely to happen before the defendant succeeds in breaking in as after. Indeed, the possibility may be at its peak while the defendant is still outside trying to break in, as that is when he is likely to be making noise and exposed to the public view.

*Id.* at 8 (citing *Lane,* 909 F.2d at 903). The First Circuit stated that the Massachusetts law of attempt made it "very unlikely that a defendant could be convicted of attempted breaking and entering without coming close enough to the intended premises to risk a confrontation." *Id.* at 9. The Third Circuit soon followed suit when, like the First Circuit, it determined in *United States v. O'Brien,* 972 F.2d 47, 51 (3d Cir.1992), *cert. denied,* — U.S. —, 114 S.Ct. 210, 126 L.Ed.2d 166 (1993), that attempted breaking and entering at night, also under Massachusetts law, constitutes a § 924(e) violent felony. The court noted the Sixth Circuit's decision in *Lane* and relied heavily upon the First Circuit's decision in *Payne* in concluding that there was no meaningful distinction with respect to the serious potential risk of

harm to another between the completed offense of breaking and entering and the inchoate offense at issue in that case. *Id.*

Several other circuits have agreed with and followed this line of cases. *See, e.g., United States v. Andrello,* 9 F.3d 247, 249–50 (2d Cir.1993) (per curiam) (holding that third degree attempted burglary under New York law, which requires "dangerous proximity" to completion, constitutes a violent felony under § 924(e)) *petition for cert. filed,* (Jan. 12, 1994) (No. 93–7448); *United States v. Custis,* 988 F.2d 1355, 1364 (4th Cir.) (holding that attempted breaking and entering under Maryland law constitutes violent felony under § 924(e)), *cert. granted in part,* — U.S. —, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993);[3] *United States v. Thomas,* 2 F.3d 79, 80 (4th Cir.1993) ("For the same reasons [set forth in *Custis* ], we hold that [the defendant's] conviction under New Jersey law for attempted burglary qualifies as a violent felony under § 924(e)."), *cert. denied,* — U.S. —, 114 S.Ct. 1194, 127 L.Ed.2d 543 (1994); *United States v. Solomon,* 998 F.2d 587, 589–90 (8th Cir.) (holding that attempted burglary under Minnesota law, which requires a "substantial step" toward completion, constitutes a violent felony under § 924(e)), *cert. denied,* — U.S. —, 114 S.Ct. 639, 126 L.Ed.2d 598 (1993).[4]

**3.** Certiorari was granted only as to Question 1 of the petition: "May defendant challenge, in federal sentencing proceeding, constitutional validity of prior convictions offered by the government for sentencing enhancement under the Armed Career Criminal Act?" 62 U.S.L.W. 3283, 3295–96 (U.S. Oct. 19, 1993).

**4.** Some of these cases, *e.g., Thomas,* 2 F.3d at 80; *Lane,* 909 F.2d at 903, discuss the impact of *Taylor v. United States,* 495 U.S. 575, 599–602, 110 S.Ct. 2143, 2158–60, 109 L.Ed.2d 607 (1990), on a determination of whether attempted burglary constitutes a violent felony under § 924(e). In enacting § 924(e), Congress did not include a definition of burglary. However, in *Taylor,* the Supreme Court concluded that Congress did not intend that federal sentencing policy turn on how a state labelled its statute. The Court therefore concluded that "burglary" for § 924(e)(2)(B)(ii) purposes ought to be defined in generic terms and construed as having "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599, 110 S.Ct. at 2158. The Court observed, however, that some states "define burglary more broadly, *e.g.,* by eliminating the requirement that the entry be unlawful, or by including places, such as auto-

mobiles and vending machines, other than buildings." *Id.* The Court stated that

in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the government should be allowed to use the conviction for enhancement.

*Id.* at 602, 110 S.Ct. at 2160. Thus, if a state's burglary statute is broader than the Court's generic definition of burglary, the sentencing court is not to examine the facts of the particular case, but rather is limited to a determination of whether "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id. See, e.g., United States v. White,* 997 F.2d 1213, 1217–18 (7th Cir.1993) (concluding that, although California's burglary statute is broader than *Taylor*'s generic definition, the charging paper satisfied *Taylor*'s definition); *United States v. Simpson,* 974 F.2d 845, 849 (7th Cir.1992) (concluding that, although Illinois' burglary statute is broader than *Taylor*'s generic definition, the charging paper and the jury in-

Although he recognizes this adverse case-law, Mr. Davis invites our attention to cases in which other circuits have reached seemingly different results on this issue. These cases have been considered by several of the courts whose decisions we have just canvassed and, like those courts, we find these holdings inapposite to the situation before us. In *United States v. Martinez*, 954 F.2d 1050, 1053 (5th Cir.1992), the Fifth Circuit held that attempted burglary under Texas law does not constitute a violent felony under the "otherwise" clause of § 924(e)(2)(B)(ii). The court gave two reasons for its holding. First, it stated that if Congress had wished to include attempted burglary in § 924(e), it could have done so expressly; Congress had, after all, expressly included burglary. *Id.* Second, the court rejected the assertion that attempted burglary under Texas law presents the same degree of danger as burglary.

Under the Texas law of attempt, a defendant need only take steps " 'which tend to effect the commission of a burglary.' " *Id.* (quoting *Molenda v. State*, 715 S.W.2d 651, 653 (Tex. Crim.App.1986)). According to *Martinez*, a defendant thus may be convicted of attempted burglary in Texas "without being in the vicinity of any building." *Id.* at 1054.

The Tenth Circuit held similarly in *United States v. Strahl*, 958 F.2d 980, 986 (10th Cir.1992). In that case, the court determined that, under Utah's "substantial step" attempt statute, an attempted burglary conviction could result from "making a duplicate key, 'casing' the targeted building, obtaining floor plans of a structure, or possessing burglary tools." *Id.*[5] Because offenses based upon such conduct "do not necessarily present circumstances which create the high risk of violent confrontation inherent in a completed burglary," an attempted burglary con-

structions satisfied *Taylor*'s definition), *cert. denied*, —— U.S. ——, 113 S.Ct. 1326, 122 L.Ed.2d 711 (1993).

The Illinois burglary statute, under which Mr. Davis was convicted for attempt, is broader than the generic definition set forth in *Taylor*. *See Simpson*, 974 F.2d at 849. The statute provides:

A person commits a burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle ..., railroad car, or any part thereof, with intent to commit therein a felony or theft.

720 ILCS 5/19–1. In sentencing Mr. Davis under § 924(e) of the ACCA, the district court did not conduct an inquiry into whether the charging paper or the jury instructions for Mr. Davis' state court conviction of attempted burglary set forth the type of conduct encompassed within the definition of generic burglary set forth in *Taylor*. However, this is not fatal to Mr. Davis' § 924(e) sentence enhancement.

First, Mr. Davis raised this issue neither in the district court nor on appeal, and the charging paper and the jury instructions for the offense are not in the record. Thus, "[f]or all we know, the charging papers meet the standard of 'generic burglary' and thus establish that the crime[ ] [is a] 'violent felon[y].' " *United States v. Davenport*, 986 F.2d 1047, 1048 (7th Cir.1993). It may be that Mr. Davis' "trial counsel obtained the charging papers, recognized that they satisfy *Taylor*, and saw no point in insisting that the record be padded with evidence adverse to his client." *Id.* at 1050.

Second, the *Taylor* Court expressly stated that its generic definition of burglary "is only to determine what offenses should count as 'burglaries' for enhancement purposes." *Taylor*, 495

U.S. at 600 n. 9, 110 S.Ct. at 2159 n. 9. "The Government remains free to argue that any offense—including offenses similar to generic burglary—should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under § 924(e)(2)(B)(ii)." *Id.* As a result, an independent *Taylor* inquiry is not necessarily required where, as here, an attempted burglary conviction is being used as a predicate offense falling under the "otherwise" clause. *See, e.g., Thomas*, 2 F.3d 79, 80 ("While we note that [the defendant] is correct that attempted burglary under New Jersey law does not contain the elements required for 'burglary' as that term is defined in § 924(e), we disagree that attempted burglary does not otherwise involve conduct presenting a serious potential risk of physical injury."); *Lane*, 909 F.2d at 902 ("Because Ohio's burglary statute includes places other than buildings, it is broader than the Supreme Court's generic definition of burglary.... However, this does not preclude our finding the sentence enhancement [for attempted burglary] appropriate under the 'otherwise' clause of § 924(e)(2)(B)(ii)."). Nonetheless, a *Taylor* inquiry may be necessary when a defendant wishes to show, on the basis of the charging paper or the jury instructions, that a previous attempted burglary conviction under a broad burglary statute was not based on the type of conduct with which the *Taylor* Court found Congress to be concerned in enacting § 924(e). *See infra* note 10 and accompanying text.

**5.** Notably, *Strahl* failed to set forth any caselaw, Utah or otherwise, to support its conclusion that the Utah attempted burglary net may be cast so widely.

viction under Utah law "may include conduct well outside § 924(e)'s target of 'violent' felonies." *Id.* As a result, the court held that such a conviction cannot fall within § 924(e)'s "otherwise" clause. *Id.; see also United States v. Permenter,* 969 F.2d 911, 913–14 (10th Cir.1992) (holding that attempted burglary under Oklahoma law does not fall under § 924(e) on the authority of the circuit's earlier decision in *Strahl* ).

Although we believe that the merits of Mr. Davis' argument depend on an examination of the Illinois law on attempted burglary, to which we shall turn shortly, we pause here to note our respectful disagreement with some of the Fifth and Tenth Circuit's reasoning. First, we disagree with the contention in *Martinez,* 954 F.2d at 1053, that, had Congress wished to include attempted burglary as a § 924(e) predicate offense, it would have done so expressly. Instead, we agree with *United States v. Payne,* 966 F.2d 4, 8 (1st Cir.1992), which noted that *Martinez*'s reasoning is untenable in light of the very existence of the "otherwise" clause, which Congress plainly included to serve as a catch-all provision. *Cf. Taylor v. United States,* 495 U.S. 575, 600 n. 9, 110 S.Ct. 2143, 2159 n. 9, 109 L.Ed.2d 607 (1990) ("[T]he Government remains free to argue that any offense— including offenses similar to generic burglary—should count towards enhancement [under the "otherwise" clause]."). Second, we respectfully disagree with the absolute approach taken in *Strahl,* 958 F.2d at 986, and *Permenter,* 969 F.2d at 914, under which no offense can fall within § 924(e)'s "otherwise" clause unless it "necessarily" presents the high risk of violent confrontation inherent in a completed burglary. *See also* Appellant's Br. at 19 ("The question [is] whether attempt burglary convictions always and necessarily involve conduct which presents a serious potential risk of physical injury to another."). This view is not the one the Supreme Court in *Taylor* believed Congress took toward burglary and other § 924(e) predicate offenses; rather, the Court's survey of legislative history showed that Congress found that the "fact that an offender enters a building to commit a crime *often* creates the possibility

of a violent confrontation." *Taylor,* 495 U.S. at 588, 110 S.Ct. at 2153 (emphasis added). The Fourth Circuit was faithful to the Supreme Court's approach when it assessed Maryland's attempted breaking and entering law in *United States v. Custis,* 988 F.2d 1355 (4th Cir.), *cert. granted in part,* —— U.S. ——, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993):[6] "In *most* cases, attempted breaking and entering will be charged when a defendant has been interrupted in the course of illegally entering a home." *Id.* at 1363 (emphasis added). We too believe that, in determining whether an offense falls under the "otherwise" clause, the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario.

**B.** *Attempted Burglary Under Illinois Law*

We now examine attempted burglary under Illinois law to determine if it "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). Illinois' attempt statute, like many others, is violated by an "intent to commit a specific offense" plus the commission of an act which constitutes a "substantial step" toward completion of that offense. 720 ILCS 5/8–4(a). Thus, "[t]o sustain a conviction for attempt burglary, the State must show that the defendant, with the intent to commit a specific offense, did an act which constituted a substantial step toward knowingly entering the building with intent to commit a felony or theft therein." *People v. Brown,* 90 Ill.App.3d 742, 46 Ill.Dec. 591, 594, 414 N.E.2d 475, 478 (1980). The language of the attempt statute, standing alone, does not greatly advance our inquiry. The circuits, interpreting the laws of various states, have disagreed over the import of "substantial step" language in determining whether attempted burglary constitutes a § 924(e) violent felony. *Compare United States v. Solomon,* 998 F.2d 587, 589–90 (8th Cir.1993) (holding that attempted burglary under Minnesota law, which requires intent plus substantial step, constitutes a § 924(e) violent felony), *cert. denied,* —— U.S. ——, 114 S.Ct. 639, 126 L.Ed.2d 598 (1993) *with Unit-*

**6.** *See supra* note 3.

*ed States v. Strahl,* 958 F.2d 980, 985–86 (10th Cir.1992) (holding that attempted burglary under Utah law, which requires intent plus substantial step, does not constitute a § 924(e) violent felony).

■ An examination of Illinois caselaw, however, makes clear that a defendant must come within "dangerous proximity to success" to be convicted under the attempt statute. *People v. Terrell,* 99 Ill.2d 427, 77 Ill. Dec. 88, 92, 459 N.E.2d 1337, 1341 (1984) (citations omitted). Thus, under Illinois law there is little difference between the risk of confrontation in an attempted burglary and that in a completed burglary. *Cf. United States v. Andrello,* (per curiam) (holding that third degree attempted burglary under New York law, which requires "dangerous proximity" to completion, constitutes a violent felony under § 924(e) because burglary itself inherently involves a risk of personal injury) *petition for cert. filed,* (Jan. 12, 1994) (No. 93–7448). In *People v. Peters,* 55 Ill.App.3d 226, 13 Ill.Dec. 461, 371 N.E.2d 156 (1977), for example, the jury convicted the defendants of attempted burglary based on the fact that they were found crouching behind a garbage container with a ladder resting against the building beside them, and the fact that the manager of the building had heard footsteps on the roof when he phoned the police. Nonetheless, because "there [was] no evidence whatsoever that they actually made any attempt to enter the building," the appellate court reversed the conviction. *Id.* 13 Ill.Dec. at 462, 371 N.E.2d at 157. Similarly, in *People v. Ray,* 3 Ill.App.3d 517, 278 N.E.2d 170 (1972), *rev'd on other grounds,* 54 Ill.2d 377, 297 N.E.2d 168 (1973), the jury convicted the defendant of attempted burglary on the basis that he was arrested in an alley behind a building wearing gloves, carrying a pry bar, and holding a flashlight. Again, however, the appellate court reversed because "there was no evidence that the defendant made any attempt to enter the building." *Id.* 3 Ill.App.3d at 519, 278 N.E.2d at 172.[7]

■ It no doubt "would be an impossible task to compile a definitive list of acts which, if performed, constitute a substantial step" toward attempted burglary. *Terrell,* 77 Ill. Dec. at 91, 459 N.E.2d at 1340. Nonetheless, the Illinois caselaw establishes that, in order to commit the crime of attempt, the perpetrator in Illinois must come a great deal closer to completion of the crime than the perpetrator in states such as Utah. *See United States v. Strahl,* 958 F.2d 980, 986 (10th Cir.1992) (stating that under Utah law "an attempted burglary conviction may be based upon conduct such as making a duplicate key ... or possessing burglary tools").[8] And, unlike attempted burglary under Texas law, virtually every conviction of attempted burglary under Illinois law will have resulted from an actual effort to enter a structure physically.[9] *See United States v. Martinez,* 954 F.2d 1050, 1054 (5th Cir.1992) (stating that a defendant may be convicted of attempted burglary under Texas law "without being in the vicinity of any building"). Thus, under Illinois law, the fact that a defendant does not complete the burglary does not diminish the risk of a violent confrontation between the offender and a potential occu-

---

7. *See also People v. Fletcher,* 72 Ill.2d 66, 18 Ill.Dec. 324, 325–26, 377 N.E.2d 809, 810–12 (1978) (holding that evidence of attempted physical entry constituted a substantial step for attempted burglary conviction); *People v. Woodward,* 55 Ill.2d 134, 302 N.E.2d 62, 62–64 (1973) (holding that attempt to pry open a door constituted a substantial step); *People v. Newell,* 105 Ill.App.3d 330, 61 Ill.Dec. 196, 434 N.E.2d 349, 352–53 (1982) (holding that attempt to pry open a window constituted a substantial step); *People v. Brown,* 90 Ill.App.3d 742, 46 Ill.Dec. 591, 594, 414 N.E.2d 475, 478 (1980) (holding that attempt to kick a door in constituted a substantial step); *People v. Rogers,* 77 Ill.App.3d 989, 33 Ill.Dec. 695, 696–97, 397 N.E.2d 28, 29–30 (1979) (holding that attempt to chip a hole in a door constituted a substantial step); *People v. Toolate,* 45 Ill.App.3d 567, 4 Ill.Dec. 110, 112, 359 N.E.2d 1062, 1064 (1976) (holding that defendant's presence near a building next to which a crowbar and screwdriver were found was not sufficient to constitute a substantial step even if defendant possessed the requisite intent).

8. In fact, Illinois has a separate offense for "possession of burglary tools." *See* 720 ILCS 5/19–2 ("A person commits the offense of possession of burglary tools when he possesses any key, tool, instrument, device, or any explosive, suitable for use in breaking into a building ... with intent to enter any such place and with intent to commit therein a felony or theft.").

9. *See supra* note 7 and accompanying text.

pant; in fact, "the possibility [of confrontation] may be at its peak while the defendant is still outside trying to break in." *United States v. Payne*, 966 F.2d 4, 8 (1st Cir.1992). We therefore hold that Mr. Davis' conviction for attempted burglary under Illinois law constitutes a violent felony for purposes of § 924(e)(2)(B)(ii).[10]

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

---

10. We note that our holding is limited to cases in which the defendant has not shown by means of the charging paper or jury instructions that the predicate attempted burglary conviction was not based on the type of conduct encompassed within the generic definition of burglary in *Taylor*, 495 U.S. at 599, 110 S.Ct. at 2158. *See supra* note 4.