UNITED STATES of America, Plaintiff–
Appellee–Cross–Appellant,

v.

Edward Harry WEEKLEY, Defendant–
Appellant–Cross–Appellee.

Nos. 92–30174, 92–30187.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 1994.

Decided May 18, 1994.

Judy Clarke, Oliver Loewy, Federal De-
fenders of Eastern Washington, Spokane,
WA, for defendant-appellant-cross-appellee.

Thomas M. Gannon, U.S. Dept. of Justice,
Washington, DC, for plaintiff-appellee-cross-
appellant.

Before: WRIGHT, SCHROEDER and
BRUNETTI, Circuit Judges.

Opinion by Judge WRIGHT.

EUGENE A. WRIGHT, Circuit Judge.

A risk is a risk. But a risk of a risk
is not enough of a risk. Every predicate
attempted burglary conviction under the
Armed Career Criminal Act must encompass
conduct posing a risk of violent confrontation.
It is not enough that most convictions would
encompass such conduct.

## BACKGROUND

The district court sentenced Edward
Weekley to 65 months imprisonment for be-
ing a felon in possession of a firearm. 18
U.S.C. § 922(g). The government argued
that because he had three prior violent felony
convictions, two for burglary and one for
attempted burglary, he should have been

sentenced to 15 years as an Armed Career Criminal.

█ Chief Judge Quackenbush ruled that it was unclear from Washington's attempt statute if the attempted burglary conviction involved conduct that presented a serious potential risk of physical injury to others. *United States v. Weekley,* 790 F.Supp. 223, 230 (E.D.Wash.1992). So it was unclear if the Washington attempt conviction was a violent felony within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA). *Id.* He applied the rule of lenity and disqualified the conviction. *Id.* The government appeals.[1]

## ANALYSIS

The ACCA increases to 15 years the mandatory minimum sentence for a felon in possession conviction if the defendant has three predicate violent felony convictions as defined in § 924(e)(2). The first part of § 924(e)(2)(B)(ii) enumerates specific offenses as violent felonies. The second part (the so-called "otherwise" clause) is a catchall encompassing convictions for offenses that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

We have never decided if attempted burglary involves conduct posing a sufficiently serious potential risk of injury. And the circuits are split over how to assess the risk.

The Seventh and Fourth Circuits allow an attempted burglary conviction to operate as a predicate offense if *most* attempt convictions would meet a threshold level of risk. *See United States v. Davis,* 16 F.3d 212, 217 (7th Cir.1994) ("in determining whether an offense falls under the 'otherwise' clause, the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario") (citing *United States v. Custis,* 988 F.2d 1355, 1364 (4th Cir.) ("[i]n *most* cases, attempted breaking and entering" convictions entail capture during actual break-in attempt), *cert. granted in irrelevant*

part, — U.S. —, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993)). This approach focuses on the risk posed generally by the offense labeled attempted burglary.

But the Tenth and Fifth Circuits require *every* attempt conviction to meet the threshold level of risk. *See United States v. Strahl,* 958 F.2d 980, 986 (10th Cir.1992) (Utah allowed convictions for "substantial step" conduct (e.g., possessing burglary tools, casing building, making duplicate key, obtaining floor plans) that did "not necessarily present circumstances which create the high risk of violent confrontation inherent in a completed burglary"); *United States v. Martinez,* 954 F.2d 1050, 1053–54 (5th Cir.1992) ("[W]hile attempted burglary does indeed present some risk of potential harm," inherent risk insufficient because Texas law requires only taking steps tending to "effect the commission of a burglary") (internal quotation and citation omitted). This approach focuses on the risk posed by the specific conduct necessarily underlying the relevant predicate attempted burglary conviction.

This latter approach is consistent with *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (prior convictions must be under statutes encompassing "generic" burglary element of entry into building). Congress had expressly enumerated burglary as risky conduct under the first part of § 924(e)(2)(B)(ii), but had not indicated why. The Court held that burglary was risky because the "fact that an offender enters a building to commit a crime *often creates the possibility* of a violent confrontation...." *Taylor,* 495 U.S. at 588, 110 S.Ct. at 2153 (emphasis added). The nature of the prohibited conduct, entering a building, inherently created the risk.

But rather than force district courts to waste resources on extensive fact-finding missions, the Court limited the inquiry into past criminal conduct "to the fact of conviction and the statutory definition [or charging instrument and jury instructions] of the prior offense." *Id.* at 602, 110 S.Ct. at 2160. It excluded prior burglary convictions under

---

1. We review de novo the district court's interpretation of the ACCA. *United States v. O'Neal,* 937

F.2d 1369, 1371 (9th Cir.1991).

statutes facially encompassing conduct less risky than entering a building, such as entering a car or breaking into a vending machine, *id.* at 599–601, 110 S.Ct. at 2158–60, unless the charging instrument and jury instructions clearly indicate that entry into a building was involved.

■ An attempt conviction would involve risky conduct where the statute requires,[2] or the charging instruments and jury instructions show that the jury had to find,[3] an entry or near-entry into a building. But an attempt conviction based on casing a home or merely possessing burglary tools would not. We respectfully disagree with the 'usually risky' approach taken by the Fourth and Seventh Circuits, because it could capture convictions not based on the kind of risky conduct with which Congress was concerned. *Taylor* at 588–89, 110 S.Ct. at 2152–53 (Congress intended elements of a crime to trigger enhancement provision, e.g., entry into building, not label used by state law, e.g., burglary).

■ Washington, like Utah and Texas, allows attempted burglary convictions for relatively unrisky "substantial step" conduct. *State v. Vermillion*, 66 Wash.App. 332, 832 P.2d 95, 105 (1992) (substantial step shown by casing neighborhood, selecting house to burgle, and possessing neckties to be used in burglary), *review denied*, 120 Wash.2d 1030, 847 P.2d 481 (1993); *State v. Henderson*, 114 Wash.2d 867, 792 P.2d 514 (1990) (substantial

step does not require violation of property nor entry onto curtilage). And there is nothing in the charging instruments or plea agreement indicating that Weekley's conduct entailed entry or near-entry into a building. The district judge did not err in refusing to count the conviction as a predicate offense under § 924(e)(2)(B)(ii).

**AFFIRMED.**

---

**2.** Reviewing the case law interpreting Illinois' "substantial-step" attempt statute, the *Davis* court held that "the perpetrator in Illinois must come a great deal closer to completion of the crime" than in other substantial-step states. *Davis*, 16 F.3d at 218. "[A] defendant must come within 'dangerous proximity to success' to be convicted under the attempt statute." *Id.* (quoting *People v. Terrell*, 99 Ill.2d 427, 77 Ill. Dec. 88, 459 N.E.2d 1337, 1341 (1984)). The statute required for conviction, in every case, conduct that created a risk of violent confrontation. So the "usually risky" rule announced in *Davis* was unnecessarily broad.

Other cases allowing attempted burglary to operate as a predicate offense came to the same conclusion. *See United States v. Payne*, 966 F.2d 4, 9 (1st Cir.1992) (Massachusetts breaking-and-entering law made conviction unlikely unless defendant came close enough to premises to risk confrontation); *United States v. Andrello*, 9 F.3d

247, 249–50 (2d Cir.1993) ("dangerous proximity" to completion required; violent felony under § 924(e)(2)(B)(ii)), *cert. denied*, — U.S. —, 114 S.Ct. 1117, 127 L.Ed.2d 426 (1994); *United States v. O'Brien*, 972 F.2d 47, 51 (3rd Cir.1992) (nighttime breaking and entering inherently risky), *cert. denied*, — U.S. —, 114 S.Ct. 210, 126 L.Ed.2d 166 (1993); *United States v. Thomas*, 2 F.3d 79, 80 (4th Cir.1993) (attempted burglary risky because likelihood of confrontation during actual break-in attempt), *cert. denied*, — U.S. —, 114 S.Ct. 1194, 127 L.Ed.2d 543 (1994); *United States v. Lane*, 909 F.2d 895, 903 (6th Cir.1990) (Ohio attempted burglary requires actual or likely presence in burglarized structure; risk of confrontation high), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991).

**3.** The charging instruments and plea agreements here indicate only that Weekley took a "substantial step." It is unclear from these documents *what* step was taken.