41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby HANDS, Defendant-Appellant.
 No. 93-2502.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 20, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Bobby Hands appeals the district court's enhancement of his sentence under the Armed Career Criminal Act ("ACCA") because the lower court used an attempted burglary conviction as one of his three prior violent felony convictions. 18 U.S.C. Sec. 924(e). Hands was convicted on three counts related to the possession and transfer of a firearm. 18 U.S.C. Sec. 922(g)(1); 26 U.S.C. Sec. 5861(a), (e). The district court sentenced him to the ACCA'a mandatory minimum of 15 years of imprisonment for each of the three counts. We affirm.
 
 
 2
 Hands asks us to overrule our recent decision in United States v. Davis, 16 F.3d 212, 219 (7th Cir.1994), petition for cert. filed, (U.S. May 11, 1994) (No. 93-9130), and to hold that Congress intended to exclude all attempted burglaries from the ACCA's definition of "violent felonies." Alternatively, he argues that, under the "rule of lenity," we should construe the "otherwise" clause of 18 U.S.C. Sec. 924(e)(2)(B)(ii) so as to exclude attempted burglary from the definition. Because these are legal issues, "we review the district court's interpretation of Sec. 924(e) de novo." Davis, 16 F.3d at 214 (citation omitted).
 
 
 3
 We decline Hand's invitation to revisit our decision in Davis. In Davis, we held that the failure to expressly include attempted burglary does not indicate Congress' intent to exclude it. Id. at 217. In line with that decision, we now hold that the use of the word "attempted" in 18 U.S.C. Sec. 924(e)(2)(B)(i) does not imply by its omission from 18 U.S.C. Sec. 924(e)(2)(B)(ii) the intent to exclude all attempted burglaries. Although none of the circuits have ruled on Hands' particular argument,[1] six other circuits have also held that the otherwise clause encompasses attempted burglary and similar offenses.[2] Two more, while holding that the conviction before them failed to fall within the scope of the statute, have implicitly held by their categorical examination that other attempted burglary statutes might qualify.[3]
 
 
 4
 Only the Fifth Circuit has held that the statute excludes all attempted burglary offenses on its face. In United States v. Martinez, 954 F.2d 1050, 1053 (5th Cir.1992), the Fifth Circuit held that listing burglary, but not attempted burglary, implied the intent to exclude the latter. However, this circuit rejected Martinez because its "reasoning is untenable in light of the very existence of the 'otherwise' clause, which Congress plainly included to serve as a catch-all provision." Id. (citing United States v. Payne, 966 F.2d 4, 8 (1st Cir.1992)). The purpose of the catch-all clause is "to define as violent felonies a number of offenses not specifically mentioned." Payne, 966 F.2d at 8. The failure to list other offenses, such as attempted burglary, does not mean that Congress deems them non-violent felonies. "The Government remains free to argue that any offense--including offenses similar to generic burglary--should count toward enhancement...." Taylor v. United States, 495 U.S. 575, 600 n. 9 (1990).
 
 
 5
 With respect to Hands' rule of lenity claim, the rule does not apply in this case. It only operates when the statute contains a "grievous ambiguity." Chapman v. United States, 500 U.S. 453, 462 (1991). A catch-all is not "grievously ambiguous" merely because it fails to list all potential offenses. Catch-alls are meant to replace exhaustive lists. To exclude felonies involving a high risk of physical danger merely because Congress chose to use a catch-all would " 'override common sense and evident statutory purpose.' " United States v. Moore, 423 U.S. 122, 145 (1975) (quoting United States v. Brown, 333 U.S. 18, 25-26 (1948)). Furthermore, the clause unambiguously applies to the attempted burglary conviction under Congress' clear standard: "the serious potential risk of physical injury to another." 18 U.S.C. Sec. 924(e)(2)(B)(ii). In two appellate cases cited by Hands, the Fourth and Ninth Circuits held that the rule of lenity mandated a categorical approach. United States v. Headspeth, 852 F.2d 753, 759 (4th Cir.1988); United States v. Sherbondy, 865 F.2d 996, 1009 (9th Cir.1988). They did not hold that it required the elimination of otherwise applicable categories. The Davis court, using the categorical approach, held that a conviction under the same Illinois attempted burglary statute clearly met the catch-all's standard, because "a defendant must come within 'dangerous proximity to success' to be convicted under the attempt statute." Davis, 16 F.3d at 218 (citing People v. Terrell, 99 Ill.2d 427, 77 Ill.Dec. 88, 92, 459 N.E.2d 1337, 1341 (1984) (citations omitted)). Thus, we do not need to resort to the rule of lenity.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The Tenth Circuit in United States v. Strahl, 958 F.2d 980, 985-86 (10th Cir.1992), found the word's use significant when it held that attempted burglaries were not automatically included in the "otherwise" clause, but it did not find them necessarily excluded
 
 
 [2]
 United States v. Andrello, 9 F.3d 247, 250 (2d Cir.1993) (attempted burglary), cert. denied, 114 S.Ct. 1117 (1994); United States v. Thomas, 2 F.3d 79, 80 (4th Cir.1993) (attempted burglary), cert. denied, 114 S.Ct. 1194 (1994); United States v. Solomon, 998 F.2d 587, 590 (8th Cir.) (attempted burglary), cert. denied, 114 S.Ct. 639 (U.S.1993); United States v. O'Brien, 972 F.2d 47, 52 (3d Cir.1992) (attempted breaking and entering), cert. denied, 114 S.Ct. 210 (1993); United States v. Payne, 966 F.2d 4, 8 (1st Cir.1992) (attempted breaking and entering); United States v. Lane, 909 F.2d 895, 903 (6th Cir.1990) (attempted burglary), cert. denied, 498 U.S. 1093 (1991)
 
 
 [3]
 United States v. Weekley, 24 F.3d 1125, 1125 (9th Cir.1994) (holding that statute would need all, not most, attempts to involve high risks in order to fall within catch-all); id. at 1127 n. 2 (finding Davis court's "usually risky" approach was "unnecessarily broad," because Illinois law requires dangerous proximity for every attempted burglary); United States v. Permenter, 969 F.2d 911, 914 (10th Cir.1992) (citing United States v. Strahl, 958 F.2d at 986) ("acknowledging that the 'otherwise' clause could apply")