57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Ellis J. LARD, also known as Treetop, Defendant/Appellant.
 No. 94-3485.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Ellis J. Lard was convicted of being a felon in possession of a firearm and was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e) (ACCA). Lard received 210 months' imprisonment to be followed by five years of supervised release. Lard appeals his sentence. We affirm.
 
 I. Background
 
 2
 Lard sold a firearm to a police informant and was subsequently arrested. He was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1), and he pleaded guilty. Lard was sentenced pursuant to the Armed Career Criminal Act.
 
 
 3
 The Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison without parole if the defendant "has three previous convictions ... for a violent felony or a serious drug offense."
 
 
 4
 The district court enhanced Lard's sentence under the ACCA based on four predicate felonies: (1) a 1983 Illinois conviction for attempted burglary; (2) a 1985 Illinois conviction for robbery; (3) a 1991 Illinois conviction for aggravated battery; and (4) a 1991 Illinois conviction for unlawful delivery of a controlled substance. Lard disputes the use of felonies (1) and (4), contending that attempted burglary is not a violent felony under Sec. 924(e) and that the controlled substance conviction is constitutionally defective because he was not represented by counsel. Because the ACCA requires three predicate felonies, Lard must show that both the attempted burglary and controlled substance convictions do not qualify. However, for the following reasons, we hold that both felony convictions were properly relied upon by the district court.
 
 II. Analysis
 A. Attempted Burglary
 
 5
 The district court found that Lard's 1983 Illinois conviction for attempted burglary qualified as a violent felony under Sec. 924(e). Lard contends that this finding was error. "Because the issue is one of law, we review the district court's interpretation of Sec. 924(e) de novo." United States v. Davis, 16 F.3d 212, 214 (7th Cir.), cert. denied, 115 S.Ct. 354 (1994).
 
 
 6
 Section 924(e) of the Armed Career Criminal Act defines what prior felonies qualify as violent felonies:
 
 
 7
 (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that--
 
 
 8
 * * *
 
 
 9
 (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]
 
 
 10
 Lard's 1983 conviction for attempted burglary does not fall under any of the listed categories; burglary, arson, extortion, or use of explosives.[1] Thus, Lard's conviction for attempted burglary is a violent felony only if it falls under the catch-all: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Sec. 924(e)(B)(ii). "[I]n determining whether an offense falls under the 'otherwise' clause, the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario." Davis, 16 F.3d at 217.
 
 
 11
 Lard was convicted of attempted burglary under Illinois law in 1983. Davis examined the Illinois law of attempted burglary and concluded that such a conviction meets the requirements to be counted as a violent felony under Sec. 924(e). Id. at 218 ("under Illinois law there is little difference between the risk of confrontation in an attempted burglary and that in a completed burglary."). Thus, Lard's 1983 conviction for attempted burglary was properly counted as a violent felony under Sec. 924(e).
 
 
 12
 B. Unlawful Delivery of a Controlled Substance
 
 
 13
 The district court found that the 1991 conviction for unlawful delivery of a controlled substance qualified as a predicate felony under the ACCA. Lard contends that he was not represented by counsel at the state proceedings for this conviction, in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), and therefore the conviction cannot be used against him.
 
 
 14
 Generally, "Sec. 924(e) does not permit [Lard] to use the federal sentencing forum to gain review of his state convictions." Custis v. United States, 114 S.Ct. 1732, 1739 (1994). However, the "failure to appoint counsel for an indigent defendant is a unique constitutional defect ...," which may be reviewed by federal court at sentencing. Id. at 1738. However, this exception to the bar on collateral attacks at sentencing only extends to the appointment of counsel, not to whether counsel was effective. Id.
 
 
 15
 At sentencing, the district court found that counsel had been appointed for Lard in his conviction for unlawful delivery of a controlled substance. Lard argues that this finding was erroneous. We review factual matters that relate to Lard's prior conviction for clear error. United States v. White, 997 F.2d 1213, 1215 (7th Cir.1993); United States v. Field, 39 F.3d 15, 19 (1st Cir.1994) (reviewing finding that counsel had been appointed in prior conviction for purposes of ACCA enhancement under clear error standard), cert. denied, 63 U.S.L.W. 3772 (1995).
 
 
 16
 In Lard's case, the government presented a certified copy of Lard's "Waiver of Jury and Plea of Guilty" to unlawful delivery of a controlled substance, which was witnessed by James Kee, Assistant Public Defender. (R. at 30, page 21). Also, the "Combined Sentencing Order" states that Lard, when being sentenced for the crimes of aggravated battery and unlawful delivery of a controlled substance, was represented by counsel, James Kee. (R. at 30, page 16, Def. Appendix at 27). The district court did not clearly err in finding that counsel had been appointed for Lard. See Custis, 114 S.Ct. at 1738 ("failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order.").
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Taylor v. United States, 495 U.S. 575, 599 (1990), concluded that "burglary" for Sec. 924(e)(2)(B)(ii) purposes ought to be defined in generic terms and construed as having "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Under Illinois law, attempted burglary does not require any entry and therefore does not constitute generic "burglary." See Davis, 16 F.3d at 214 n. 1, 217