**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dewitt H. FIFE, Defendant–Appellant.**

No. 95–3069.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1996.

Decided April 8, 1996.

Mel S. Johnson (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee.

Thomas J. Flanagan (argued), Brookfield, WI, for Defendant-Appellant.

Before POSNER, Chief Judge, and DIANE P. WOOD and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Once upon a time, the names of crimes were descriptive of the underlying criminal conduct they defined. One did not need a law degree to have a fairly good idea about what it meant to be convicted of robbery, burglary, murder, or grand theft auto. Today, however, even a law degree doesn't necessarily ensure that one will know precisely what the underlying conduct was that supports convictions for things like "racketeering" and "continuing criminal enterprise." Today we consider an Illinois law that penalizes "armed violence," a title that conjures up a multitude of images. What does it mean and how is a federal court to interpret it in applying federal sentencing laws?

Dewitt Fife was charged with various offenses in a 17–count indictment. He resolved his case by pleading guilty to three counts: conspiracy, a charge of being a felon in possession of a firearm, and a charge of participating in the sale of a firearm without complying with the legal obligations imposed on gun dealers. The essence of the charges was that Fife, a convicted felon, brokered the illegal sale of firearms between a licensed gun dealer and buyers using fake identification.

At sentencing Fife was found to be an "armed career criminal" under 18 U.S.C. § 924(e). The finding catapulted him out of the normal criminal history categories established by the federal sentencing guidelines and into a separate status reserved for defendants determined to be particularly dangerous. To earn the armed career criminal sobriquet, a defendant must have three prior convictions for "violent felonies" on his record. Fife concedes that he has two qualifying convictions—one for burglary in 1980 and another for aggravated arson in 1983—but he denies that he has a third. The district court found that a 1989 Illinois conviction for "armed violence" was the third, and that put Fife over the top and into the armed career criminal category.

Section 924(e) provides that any person who violates § 922(g)—that is, anyone convicted of being a felon in possession of a firearm as Fife was—who has three previous convictions for "violent" felonies or serious drug offenses faces a minimum sentence of 15 years. A violent felony means any felony (i.e., any crime punishable by imprisonment for more than a year) that

— has as an element the use, attempted use, or threatened use of physical force against the person of another, or

— is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The question we must answer is whether "armed violence" under Illinois law, 720 ILCS 5/33A–2, is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Whether an offense falls under the "otherwise" clause of 18 U.S.C. § 924(e) is an issue of law which we review *de novo*. *United States v. Davis*, 16 F.3d 212 (7th Cir.1994), *cert. denied*, —— S.Ct. ——, 115 S.Ct. 354, 130 L.Ed.2d 309 (1994).

■ In determining whether a particular crime is a violent felony, a sentencing court's inquiry is limited to the elements of the crime involved; the court is not free to look at the underlying facts of a particular case to see if the conduct was, in fact, violent. *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

*Taylor* recognizes an exception to this categorical approach with regard to convictions for offenses which can be committed in various ways when some of those ways would be violent and others would not. The *Taylor* exception is not relied on by the government and was not considered by the district court so we, too, will pass on it as we address Fife's claim that he should not have been classified as an armed career criminal.

■ The question of whether a crime is a violent felony under the "otherwise" clause of § 924(e) is not answered by considering whether commission of the crime necessarily creates a risk of violent confrontation. *Davis,* 16 F.3d at 217. *Davis* noted that *Taylor* rejected the view that a crime can be a violent felony only if it necessarily involves violence. Instead, we held that "in determining whether an offense falls under the 'otherwise' clause, the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario." *Davis,* 16 F.3d at 217.

The Illinois armed violence law says, "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law." 720 ILCS 5/33A–2. Does a conviction under the Illinois statute qualify as a "violent felony" under § 924(e)? The government says "yes"; the defense says "no," or at least "no" in this case.

As might be expected, the parties argue from the extremes. The government says all felonies are serious offenses with major consequences, and anyone committing a felony while armed is involved in "conduct that presents a serious potential risk of physical injury to another." The defense says we must restrict our review to one question: Do the statutory elements of the underlying Illinois felony necessarily involve a serious potential for violence? We think the defense view of our mission is closer to the mark, but that we can dig a bit deeper into the offense.

Under the government's view, a professor at ChampaignUrbana violates the Illinois armed violence law if she files a bogus state tax return with a six-shooter strapped to her side. But would she be the sort of offender Congress wanted to ensnare in its armed career criminal net? We doubt it. The federal statute wants to trap dangerous defendants. In our example, the felony is not the type of crime reasonably expected to create the possibility of a violent confrontation even if the defendant is armed.

The Champaign–Urbana law professor, recalling our example, would be indictable in Illinois under the government's view of the state law. Although literally possible, such an indictment would undoubtedly provoke guffaws from an Illinois judge. Common sense is required of both prosecutors and judges. We can't imagine that each and every felony, committed while armed, would earn an Illinois charge of armed violence. Illinois, we think, would look to the underlying felony to see if it "fits" the common perception of the name it has given to the offense: armed violence.

We think a federal court, interpreting a statute like the Illinois armed violence law to see if it qualifies under § 924(e), should perform its task by looking beyond the name of the law. It should zero in instead on the underlying felony committed while armed. If the underlying felony is the sort of crime that presents a serious potential risk of injury, especially if the perpetrator does the act while armed, the crime is a violent felony countable under § 924(e). If it's not that sort of crime, it shouldn't be shoehorned into § 924(e).

■ Fife's underlying felony, which formed the basis for his armed violence conviction because he did the deed while armed, involved drugs. But what exactly was the crime? The Illinois charging document, an information, said Fife committed armed violence because, while armed with a revolver, he "knowingly and unlawfully possessed with intent to deliver ... a substance containing

... cocaine." That conduct, the information says, violated Chapter 38, Section 33A–2/I/ 56.5–1401–C of the Illinois Revised Statutes. Fife pled guilty, and the "certified statement of conviction" says the plea was to two counts, "Armed Violence and Delivery of a Controlled Substance." The 1995 federal presentence report describes the Illinois conviction as "Count 1—armed violence. Count 2—manufacturing and delivery of a controlled substance." The record, as we see, is not as clear as it should be. But that need not detain us.

Had Fife been convicted of armed violence in Illinois for possessing cocaine (if it were a felony) while armed, the conviction would not be countable under the "otherwise" clause of § 924(e). He would, if that were the case, be closer to the example of the Champaign–Urbana professor. But when someone possesses cocaine with intent to deliver while armed or actually delivers cocaine while armed—and Fife either did one or the other—he moves a considerable distance from being like the professor and becomes instead more like the type of defendant specifically referred to in § 924(e)—the burglar, the arsonist, or the extortionist. And these criminals—burglars, arsonists, and extortionists— it should be noted, need not be armed while committing their deeds. An armed drug dealer—and one who possesses drugs with intent to deliver or actually delivers them is a drug dealer—is engaged in conduct that often "presents a serious potential risk of physical injury to another." Just recently, we considered a case involving actual violence-gunfire during a drug raid—which was a good example of how drug dealing and guns are a dangerous mix. *United States v. Edwards,* 77 F.3d 968 (7th Cir.1996). So we think Fife's underlying felony was the kind that makes his Illinois armed violence conviction countable as a prior event under § 924(e). Because it was his third countable conviction, he was correctly treated as an armed career criminal.

Fife raises a second issue, halfheartedly we think, claiming that an out-of-court identification of him by two witnesses as the perpetrator of the offenses charged in the indictment should have been suppressed.

We have reviewed the record of the suppression hearing conducted by a magistrate judge and find that the motion to suppress was properly denied. The photographic identification procedure used was not, in our view, impermissibly suggestive, and suggestiveness aside, it was otherwise admissible under the totality of the circumstances test because it was reliable. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. L'Allier,* 838 F.2d 234 (7th Cir.1988).

For these reasons, the judgment of the district court is AFFIRMED.