### Ex Parte Hugh Cooper.

No. 13545.   Delivered April 23, 1930.
Reported in 27 S. W. (2d) 159.

The opinion states the case.

*M. E. Gates* of Huntsville, for appellant.

*Robert Lee Bobbitt,* Attorney General, *R. D. Cox, Jr.,* Assistant Attorney General, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an appeal from an order of the district court of Trinity County, upon habeas corpus proceedings, remanding appellant to the custody of authorities of the penitentiary.

Relator was convicted in the district court of Chambers County for theft of cattle and sentenced to confinement in the penitentiary for two years. Thereafter the case was affirmed by this court and mandate issued on January 27, 1928. On the 11th day of February, 1928, the district clerk of Chambers County issued a capias for the arrest of relator. Relator was not arrested until November 9, 1928, at which time he was taken into custody by the sheriff of Chambers County and delivered to the penitentiary authorities, being received in the penitentiary on November 9, 1928. About May 8, 1928, the sheriff found relator in his father's home. Relator was ill at the time, it appearing that he had been in a hospital in Houston and had recently been removed to his father's home. The sheriff did not arrest relator but permitted him to remain with his father. This agreement was entered into by the relator, the sheriff and relator's bondsmen. Finally, in November, 1928, the sheriff went back to the home of relator's father and carried relator to the penitentiary.

Relator contends that the time he was ill in the home of his father and in the hospital in Houston prior to the time he was taken to the penitentiary should be deducted from his sentence. If relator had been credited with such time he would have been entitled to release on the 4th day of February, 1930, taking into consideration overtime and time off for good behavior. If the time appellant was at large can not properly be deducted from his sentence, he is not entitled to be discharged at this time.

The agreement of the sheriff to permit appellant to remain at large was void, and during such time the law treated appellant as a prisoner at large. Ex parte Wyatt, 16 S. W. 301. No deduction from relator's sentence could accrue for the time he was at large. Ex parte Lawson, 266 S. W. 1101.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.