HEGWOOD *v.* STATE.

In Banc.   Mar. 13, 1950.

No. 37361 (44 So. (2d) 850)

(517)

518

T. J. **Wills** and **J. L. Thompson**, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Lee, J.**

On December 4, 1948, appellant, Dr. A. W. Hegwood, was tried in the Justice of the Peace court of District 4 of Jasper County on a charge of the unlawful possession of intoxicating liquor. From the judgment there rendered, he perfected an appeal to the next term of

the Circuit Court for the second judicial district of the County.

That court was convened on Monday, the 28th day of February, 1949. On the call of the docket, appellant was duly called, but failed to appear and prosecute his appeal. Thereupon, on motion of the district attorney, the appeal was dismissed, and it was ordered that a writ of procedendo issue to the lower court for the enforcement of its judgment.

On the following Thursday, an attorney presented a motion to set aside the order of dismissal, and re-instate the case on the docket. Several witnesses gave evidence on the motion. A doctor testified that he examined the appellant 16 or 18 days before—that his trouble was high blood pressure and a chronic stomach and heart trouble. He was advised to go to a specialist or some place like Oschner's Clinic. The doctor had made like suggestions some time previously. The doctor frankly told the court that he did not know the condition of appellant the past Monday, and would not say that he was unable to attend court at that time. The attorney was employed by a son-in-law, and testified that he did not know the condition or whereabouts of the appellant, and no member of the family had told him where the appellant was. The sheriff testified that appellant, a veterinarian, had been running a stockyard in Bay Springs for some time; that he held a sale every week; that he had not been confined to bed the past year; and that he had seen the appellant last about February 11 or 12, at which time, he was not sick, but was drunk.

From this evidence, the learned Circuit Judge was not only warranted in, but there was no escape from, finding in substance that the mysterious disappearance of appellant was a clear effort to evade the court, and constituted not only trifling with, but was a flagrant disregard of the court. The action of the court in refusing to set the order of dismissal aside and reinstate

the case on the docket was no abuse of discretion and was properly overruled. To have done otherwise would have brought the court into disrepute.

As the courts function in the administration of justice, they must maintain respect.

When a defendant in a criminal case perfects an appeal from a Justice of the Peace court to the Circuit Court, and, on the return day, defaults and fails to prosecute the appeal, the circuit court may dismiss such appeal and order a writ of procedendo to the lower court. ██ ██ In such a case, it is not necessary, before dismissal, for the court to inquire into and determine the validity of the proceedings. For that reason, we decline to consider errors alleged to have been committed in the justice of the peace trial. Such matters are not properly before us.

Affirmed.