HEGWOOD *v.* STATE.

Mar. 17, 1952.

No. 38424 (57 So. (2d) 500)

694

**T. J. Wills,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Alexander, J.**

This is an appeal from an order denying petition for a writ of habeas corpus. Appellant was convicted of the unlawful possession of liquors, and upon appeal the judgment was affirmed on March 30, 1950. 208 Miss. 517, 44 So. (2d) 850. Capias, issued after mandate had been sent down, was executed August 30, 1950, and appellant was remanded to jail. After eight days of confinement, he was released by the sheriff to allow appellant to seek treatment in a hospital. It was stated at the bar that he was not housed in the hospital but in disconnected quarters nearby. After several months, when he left these quarters, he was rearrested by the sheriff in July 1951, and recommitted to custody, whereupon he filed his petition for writ of habeas corpus. The petition was denied and an appeal allowed with supersedeas.

The issue here raised is the right to have the time spent at least constructively in the hospital credited upon his sentence of ninety days confinement with a fine of $500.

In view of the conclusions we have reached, it is unnecessary to consider the allegation that, after release by the hospital, he remained at large and failed to surrender himself to the sheriff. It is also beside the mark to attempt computation of the exact time of hospitalization.

There is no contradiction of the allegation by the respondent, the sheriff, that the appellant was being held by the sheriff upon an additional and subsequent charge. The bill of exceptions by appellant herein stated that the sheriff testified that ''he (the sheriff) carried the petitioner to Jones County and there left him in the care and custody of the Medical Staff of said hospital, and directed petitioner when he had recovered and was discharged from the hospital, that he would return to respondent's custody at Bay Springs.''

Code 1942, Sec. 7899, provides that one sentenced to jail ''shall remain in close confinement for the full time specified'' and also for added confinement ''until the fine, costs and jail fees be fully paid, unless discharged in due course of law   *   *.''  Sec. 7905 provides that a prisoner, who is physically unable to do any kind of manual labor, may, upon the certificate of the county health officer or physician designated by the board of supervisors, be excused from such labor as may impair his health.  Sec. 7907 provides for a deduction from the sentence in proper cases and under an appropriate procedure.

██ █ Regardless of the humane motives which may have actuated the sheriff in vouchsafing to appellant the boon of a release from confinement, his action was not authorized. (Hn 2) He is only the custodian of his prisoners. There was no proper order of the trial judge or the board of supervisors which justified his release. He was in such case to be considered an escapee, Code 1942, Sec. 2137, regardless of the good faith either of himself or of the sheriff. He was, while under hospital care, not under penal restraint.  His stay while thus at large was not a punishment under the letter or spirit of our statutes. He

is not entitled to credit upon his sentence or fine and costs for the time spent away from the jail. Ample provision is made to avoid the inhumane consequences of a confinement that might imperil health or threaten life. He was not a prisoner of the State while availing of the facilities of the hospital or the largesse of the sheriff. Ex parte Cooper, 115 Tex. Cr. R. 620, 27, S. W. (2d) 159. See 24 C. J. S., Criminal Law, Sec. 1995, page 1229.

It would promote neither justice nor mercy for a sheriff to adjudge, upon an informal request of a prisoner, the propriety of his release. The result would be the same and fraught with the same possibilities of abuse, whether his concession arise from whim or apparent necessity.

There was no prejudice to the appellant in the refusal of the court to allow a stenographic record. The bill of exceptions adequately reflects the proceedings and summarizes the testimony.

The writ was properly denied.

Affirmed.

**Roberds, Hall, Kyle** and **Ethridge, JJ.**, concur.