**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Milton G. COLLINS, Jr., Defendant– Appellant.**

No. 97–3186.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1998.

Decided July 13, 1998.

Thomas P. Schneider, Christopher E. Ware (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Jean M. Kies (argued), Kies & Wasserman, Milwaukee, WI, for Defendant–Appellant.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

Milton Collins pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), but reserved the right to litigate whether the crime, combined with his previous criminal activity, qualified him as an "Armed Career Criminal" according to 18 U.S.C. § 924(e)(1). The district court determined that Collins met the standard set forth in § 924(e)(1), and sentenced him under the Armed Career Criminal Act ("ACCA"). Collins submits that his conviction for attempted burglary cannot serve as a predicate offense because, under Wisconsin law, attempted burglary is not a "violent felony" as defined in 18 U.S.C. § 924(e)(2)(B)(ii). We disagree and, accordingly, affirm the sentence Collins received.

On August 15, 1997, Collins pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under the United States Sentencing Guidelines, Collins was subject to a sentence of approximately seven-to-ten years.[1] However, because Collins had at least three prior felony convictions, the government requested a sentencing enhancement under § 924(e), which mandates a minimum sentence of 15 years. The government made its recommendation based on the following four prior convictions, all of which occurred in Wisconsin: (1) a 1977 attempted burglary conviction; (2) a 1980 burglary conviction; (3) a 1983 burglary conviction; and (4) a 1985 attempt to disarm a police officer conviction. The government conceded at the May 13, 1997 change of plea hearing that the conviction for attempt to disarm a police officer was not a predicate conviction for the purposes of the ACCA because the penalty did not exceed one year. Collins challenged the use of the 1977 attempted burglary conviction for § 924(e) purposes.

On August 14, 1997, the district court sentenced Collins to 180 months' imprisonment under the ACCA. In so sentencing Collins, the district court concluded that the 1977 attempted burglary conviction was a "violent felony" as that term is defined in the ACCA. Section 924(e) of the ACCA provides in relevant part:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ...

(2) As used in this subsection—

---

1. Since Collins was sentenced under the ACCA, we have only the Presentence Investigation Report's recommendations as to Collins's offense level and criminal history.

. . . .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

The district court concluded that the elements of attempted burglary, under Wisconsin law, were such that in order for a defendant to be convicted of attempted burglary the possibility "of a violent confrontation between the offender and the potential occupant" was sufficient to mandate that the crime constitute a violent felony for the purposes of § 924(e).

 On appeal, Collins does not contest the underlying § 922(g)(1) conviction. Instead, he argues that his previous conviction for attempted burglary under Wisconsin law does not constitute a predicate "violent felony" for the purposes of sentence enhancement under § 924(e) of the ACCA. "Because the issue is one of law, we review the district court's interpretation of § 924(e) de novo." *United States v. Davis,* 16 F.3d 212, 214 (7th Cir.1994) (citing *United States v. White,* 997 F.2d 1213, 1215 (7th Cir.1993)).

 Although the issue of whether an attempted burglary under Wisconsin law constitutes a "violent felony" for purposes of § 924(e) is one of first impression in this circuit, we and six of our sister circuits have held that attempted burglary can serve as a predicate offense. *See e.g., United States v. Demint,* 74 F.3d 876, 878 (8th Cir.1996) ("[W]e conclude that Florida's attempted burglary law punishes only conduct that presents a serious potential risk of physical injury to another.") (internal quotations omitted); *United States v. Bureau,* 52 F.3d 584, 592 (6th Cir.1995) ("In all likelihood, a conviction under Tennessee's attempted burglary statute in 1975 involved conduct presenting a serious potential risk of physical injury to another."); *Davis,* 16 F.3d at 217–19 (Illinois

attempted burglary statute requires intent to commit offense and "substantial step" toward knowingly entering building; "substantial step" requires coming within "dangerous proximity to success"); *United States v. Andrello,* 9 F.3d 247, 249–50 (2d Cir.1993) (per curiam) (New York attempted burglary statute requires "dangerous proximity" to completion); *United States v. Custis,* 988 F.2d 1355, 1364 (4th Cir.1993) ("In most cases, attempted breaking and entering [under Maryland statute] will be charged when a defendant has been interrupted in the course of illegally entering a home."), *aff'd. on other grounds,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. O'Brien,* 972 F.2d 47, 52 (3d Cir.1992) ("[T]he possibility of a violent confrontation with an innocent party is always present when a perpetrator attempts to enter a building illegally, even when the crime is not actually completed."); *United States v. Payne,* 966 F.2d 4, 8 (1st Cir.1992) ("[W]hile burglary may start out as a nonviolent crime, the burglar may resort to violence if someone is on the premises or appears there while the burglary is in progress."). "[I]n determining whether an offense falls under the 'otherwise' clause [of § 924(e)(2)(B)(ii) ], the benchmark should be the *possibility of violent confrontation,* not whether one can postulate a non-confrontational hypothetical scenario." *Davis,* 16 F.3d at 217 (emphasis added). In *Davis,* 16 F.3d at 216–17, we acknowledged that some of our sister circuits have held that attempted burglary does not constitute a predicate offense under the ACCA, *see United States v. Weekley,* 24 F.3d 1125 (9th Cir. 1994); *United States v. Strahl,* 958 F.2d 980 (10th Cir.1992); *United States v. Martinez,* 954 F.2d 1050 (5th Cir.1992), and declined to follow the reasoning used by those courts. We see no reason to revisit the analysis dictated by *Davis* and followed by the majority of our sister circuits.

As the Supreme Court determined in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), when "determining whether a particular crime is a violent felony, a sentencing court's inquiry is limited to the elements of the crime involved; the court is not free to look at the underlying facts of a particular case to see if the conduct

was, in fact, violent." *United States v. Fife,* 81 F.3d 62, 64 (7th Cir.1996) (citing *Taylor*). Therefore, we consider whether attempted burglary under Wisconsin law "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).

Wisconsin's attempt statute is violated by an "intent to perform acts and attain a result" plus the commission of an act or acts "which *demonstrate unequivocally,* under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor." Wis. Stat. § 939.32(3) (1997) (emphasis added). As we noted in *Davis,* "[t]he language of the attempt statute, standing alone, does not greatly advance our inquiry." 16 F.3d at 217. Therefore, we must also look to Wisconsin caselaw to see how the Wisconsin courts have interpreted the attempt statute in the context of burglary. *See id* at 217–19.

Under Wisconsin caselaw it is clear that a defendant would not be convicted of attempted burglary without creating "a serious potential risk of injury." First, the Wisconsin Supreme Court has held that the "elements of attempted burglary are: (1) *That the defendant attempted to enter the premises in question;* (2) the attempt was without the consent of the owner; and (3) that the attempt to enter was with the intent to take property of the lawful owner and retain it." *Tyacke v. State,* 65 Wis.2d 513, 223 N.W.2d 595, 599 (1974) (citing *Bethards v. State,* 45 Wis.2d 606, 173 N.W.2d 634 (1970)) (emphasis added). Second, since Wisconsin has a separate statute prohibiting the possession of burglary tools, *see* Wis. Stat. § 943.12, there is little likelihood that a defendant would be convicted of attempted burglary without being in or near the building during the offense.

Clearly, under Wisconsin law, in order to be convicted of attempted burglary a defendant must have created a serious, potential risk of harm. We have already recognized the inherently dangerous situation and possibility of confrontation that is created when a burglar attempts to illegally enter a building or residence. *See Davis,* 16 F.3d at 218–19 ("[T]he fact that a defendant does not complete the burglary does not diminish the risk of a violent confrontation between the offender and a potential occupant; in fact, *'the possibility [of confrontation] may be at its peak while the defendant is still outside trying to break in.'* ") (quoting *Payne,* 966 F.2d at 8) (emphasis added) (second brackets in original). Just as Illinois's requirement of a "dangerous proximity to success" was sufficient to support attempted burglary in Illinois as a predicate offense under the ACCA, *see Davis,* 16 F.3d at 219, Wisconsin's requirement that a defendant must attempt to enter a building before he can be found guilty of attempted burglary is sufficient to mandate that attempted burglary in Wisconsin constitutes a violent felony for the purposes of § 924(e)(2)(B)(ii).

For the foregoing reasons, Collins's sentence is

AFFIRMED.