In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3568

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERRY FRANKLIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:00 CR 126—**James T. Moody**, *Judge.*

ARGUED AUGUST 7, 2002—DECIDED SEPTEMBER 9, 2002

Before BAUER, KANNE, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* In April 2001, after a two-day trial, a jury found Jerry Franklin guilty of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). At sentencing the district court determined that Franklin had three prior violent felony convictions, including a 1993 Mississippi conviction for escape from a county jail, which made Franklin eligible for an armed career criminal enhancement under 18 U.S.C. § 924(e). Over Franklin's objections the district court applied the statutory enhancement and corresponding guideline provision, *see id.*; U.S.S.G. § 4B1.4, and sentenced him to 235 months' imprisonment. On appeal Franklin does not contest his conviction under § 922(g)(1) but instead challenges

the district court's application of the statutory enhancement. He argues specifically that his prior escape conviction cannot serve as a predicate offense under § 924(e) because escape is not a "violent felony." We affirm.

## Discussion

Whether "escape" constitutes a violent felony for purposes of § 924(e) is an issue of first impression in this circuit, and a question of statutory interpretation that we review *de novo. See United States v. Collins*, 150 F.3d 668, 670 (7th Cir. 1998). Under § 924(e) any person who violates § 922(g) and who has three prior convictions for "violent" felonies or serious drug offenses faces a minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as any felony that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). To determine whether a particular prior offense is a violent felony, sentencing courts take a categorical approach, looking to the statutory elements of the crime, rather than the particular facts underlying the conviction. *See United States v. Taylor*, 495 U.S. 575, 600-02 (1990); *United States v. Fife*, 81 F.3d 62, 64 (7th Cir. 1996).

Mississippi has several statutes that punish escape, *see* Miss. Code Ann. §§ 97-9-45, 97-9-47, 97-9-49, and neither the indictment nor the judgment of conviction explicitly references the particular escape statute Franklin violated. The government argues that the state court applied § 97-9-49 when sentencing Franklin. Under § 97-9-49 any person in custody on a felony charge who "escapes or attempts by force or violence to escape from any jail . . .

or from any [lawful] custody" faces up to five years' imprisonment in the state penitentiary. Miss. Code Ann. § 97-9-49. Franklin's indictment and prison sentence support the government's position because these documents reveal that Franklin had been confined in a county jail under a felony charge of aggravated assault before his escape, and that he received a sentence of five years' imprisonment upon his recapture. The other possible statutory provisions for escape contain additional elements not referenced in Franklin's indictment, *see* Miss. Code Ann. § 97-9-45 (establishing penalties for escape by parolees); Miss. Code Ann. § 97-9-47 (establishing penalties for escape by force or violence), and because at argument Franklin effectively conceded that the government correctly identified the proper statute, we will proceed under the assumption that Franklin was sentenced under § 97-9-49.

Escape under § 97-9-49 consists of three elements: "(a) the knowing and voluntary departure of a person (b) from lawful custody and (c) with intent to evade due course of justice." *Miller v. State*, 492 So. 2d 978, 981 (Miss. 1986). Because no evidence of force or violence is required to sustain an escape conviction under this statutory provision, *see id.,* it becomes necessary to consider whether escape nevertheless constitutes a "violent felony" by "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In determining whether escape falls under this prong of the statute, "the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario." *United States v. Davis*, 16 F.3d 212, 217 (7th Cir. 1994).

The four circuits that have addressed this issue, in the context of other states' escape statutes, have concluded that an escape always involves the potential for injury to others, and therefore constitutes a violent felony under § 924(e) even if the underlying facts of conviction

establish in hindsight that the risk never actually materialized. *See United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir. 2002) (every escape, even where prisoner merely walks away, involves a potential risk of injury to others); *United States v. Springfield*, 196 F.3d 1180, 1185 (10th Cir. 1999) ("walkaway" escape from prison honor camp was violent felony); *United States v. Adkins*, 196 F.3d 1112, 1118 (10th Cir. 1999) (non-violent escape from a juvenile facility constitutes violent felony); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir. 1999) (escape from county workhouse or jail a violent felony because of potential risk of injury); *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir. 1998) ("all escapes" are crimes of violence, whether or not violence actually involved); *United States v. Hairston*, 71 F.3d 115, 118 (4th Cir. 1995) (escape by stealth "inherently" presents serious potential risk of physical injury); *see also United States v. Ruiz*, 180 F.3d 675, 677 (5th Cir. 1999) (knowing escape from lawful custody constitutes a crime of violence under U.S.S.G. § 4B1.2). As the Tenth Circuit has recognized, an escapee's desire to avoid detection and recapture creates real and unpredictable risks of potential violence and injury:

> A defendant who escapes from a jail is likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently, violence could erupt at any time. Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody.

*United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir. 1994). Even the most peaceful escape cannot eliminate the potential for violent conflict when the authorities

attempt to recapture an escapee. *See id.* ("[E]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious *potential* to do so.").

Franklin urges us to reject the reasoning of our sister circuits and conclude instead that escape does not involve a serious risk of physical injury to others because "such speculation is neither supported by the facts nor permitted by the law." Franklin may disagree with the other circuits' assessment of the potential risk, but he offered no evidence, statistical or otherwise, to show that prison escapes present low risk of injury to others. Instead Franklin insists merely that escape convictions cannot be categorically classified as violent felonies because some prisoners escape without causing harm to others. In support Franklin relies on the example of the defendant in *Hegwood v. State*, 57 So. 2d 500 (Miss. 1952), a prisoner found to have escaped without using violence. But actual physical injury need not result from every escape for the "risk" of physical injury to exist in all cases. *Cf. United States v. Brown*, 273 F.3d 747, 751 (7th Cir. 2001) (although actual injury not always present, risk of physical injury always involved in pandering by compulsion). The important issue for violent felony analysis is always the *potential* for injury, not whether injury actually occurred. *See id.*; *Collins,* 150 F.3d at 671; *United States v. Tirrell*, 120 F.3d 670, 681 (7th Cir. 1997); *Fife,* 81 F.3d at 64; *Davis,* 16 F.3d at 217.

## Conclusion

Because escape, under Mississippi law, involves a "serious potential risk of physical injury to another," Franklin's prior conviction qualifies as a "violent felony" under § 924(e).

AFFIRMED.

No. 01-3568

A true Copy:

       Teste:

                    _____
                    *Clerk of the United States Court of*
                     *Appeals for the Seventh Circuit*