# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 02-2199

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DONALD T. BRYANT,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 01 CR 156—**Rudy Lozano**, *Judge.*

———————

ARGUED SEPTEMBER 20, 2002—DECIDED NOVEMBER 13, 2002

———————

Before EASTERBROOK, RIPPLE, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Appellant Donald Bryant pleaded guilty to four counts of making false statements in connection with the transfers of firearms in violation of 18 U.S.C. § 922(a)(6). At his sentencing, the district court determined that Bryant was subject to an elevated base offense level under the federal sentencing guidelines due to his prior conviction for the crime of escape, which the district court found was a "crime of violence" under the guidelines. In this appeal, Bryant objects to the use of the increased base offense level, arguing that his previous conviction for escape cannot be characterized as a "crime of violence." Specifi-

cally, he argues that the particular circumstances of his "escape" from a halfway house presented no risk of physical injury to anyone, and therefore cannot be considered a "crime of violence." Because we believe that the crime of escape, as a category, "presents a serious potential risk of physical injury to another" and thus qualifies as a "crime of violence" under the federal sentencing guidelines, we affirm the sentence imposed by the district court.

## I. History

On December 13, 2001, Donald Bryant pleaded guilty to four counts of making false statements and using false identification in connection with certain firearms transfers in violation of 18 U.S.C. § 922(a)(6).[1] Bryant's Presentence Investigation Report ("PIR") recommended that his base offense level be elevated to 20, rather than the typical base offense level of 14 for "prohibited persons" convicted under § 922(a)(6), reasoning that the increase was warranted as Bryant had previously been convicted of a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A) (2002).

In April 1997, Bryant had been convicted of the crime of escape, which the PIR recognized as a "crime of violence." While the precise details of this previous escape conviction

---

[1] Section 922(a) provides in relevant part:

"It shall be unlawful . . . for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter. . . ."

18 U.S.C. § 922(a)(6) (2002).

are not clear on this record, it appears that Bryant had been committed to Bradley House, a Community Corrections Center or halfway house, in Michigan City, Indiana, after violating the terms of his probation. On April 8, 1997, Bryant failed to return to this facility after having been granted permission to be temporarily absent for work purposes; he remained in escape status for approximately 10 days until April 17, 1997. Upon re-apprehension, Bryant was charged with and pleaded guilty to violating the federal scape statute, 18 U.S.C. § 751(a)[2]; he was sentenced to 15 months imprisonment and 24 months of supervised release.

At his sentencing for the four counts at issue in the instant case, Bryant objected to the classification of this previous conviction for escape as a "crime of violence." The sentencing court disagreed, finding that an escape conviction qualified as a crime of violence as that term is used under the sentencing guidelines. Bryant was accordingly sentenced to 78 months imprisonment and now appeals this sentence.

## II.  Analysis

We review a sentencing court's factual determinations for clear error, while interpretations of the guidelines are reviewed *de novo. United States v. Owolabi*, 69 F.3d 156, 162 (7th Cir. 1995). Whether an offense is a "crime of violence"

---

[2]  Section 751(a) provides in pertinent part:

"Whoever escapes or attempts to escape . . . from any institution or facility in which he is confined . . . by virtue of any process issued under the laws of the United States by any court, judge, or commissioner [United States magistrate judge] . . . shall . . . be fined under this title or imprisoned not more than five years, or both. . . ."

18 U.S.C. § 751(a) (2002).

for purposes of sentencing is a question of law that this Court reviews *de novo*. *United States v. Fife*, 81 F.3d 62, 63 (7th Cir. 1996).

For crimes involving prohibited firearms transactions, including the crimes for which Bryant was sentenced in this case, the federal sentencing guidelines provide for varying base offense levels, depending on the circumstances of both the offense and the offender. *See* U.S.S.G. § 2K2.1. For example, if the defendant was a "prohibited person" at the time the offense was committed, as was the case with Bryant, the guidelines provide for a base offense level of 14.[3] *See id.* § 2K2.1(a)(6). If, however, the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence," the guidelines provide for an elevated base offense level of 20. *See id.* § 2K2.1(a)(4)(A).

The commentary accompanying § 2K2.1 notes that "crime of violence" has the meaning given that term in § 4B1.2(a) of the guidelines and application note 1 of the commentary for that section. *See id.* § 2K2.1 cmt. n. 5. Section 4B1.2(a) defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves*

---

[3] The sentencing guidelines define "prohibited person" by reference to the definition given that term in 18 U.S.C. § 922(g) and § 922(n). *See* U.S.S.G. § 2K2.1 cmt. n. 6. Bryant was a "prohibited person" as a convicted felon, pursuant to the definition in 18 U.S.C. § 922(g)(1).

> *conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 4B1.2(a) (emphasis added). The commentary for § 4B1.2(a) notes that "crime of violence" includes any offense for which "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another." *Id.* § 4B1.2 cmt. n. 1.

In *United States v. Franklin*, this Court held that the crime of escape is a crime of violence for purposes of 18 U.S.C. § 924(e)—a provision with language identical to that of § 4B1.2(a) of the sentencing guidelines—because escape involves a "serious potential risk of physical injury to another." 302 F.3d 722, 725 (7th Cir. 2002) (quotation omitted). We said that in making such a risk determination, "'the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario.'" *Id.* at 723 (quoting *United States v. Davis*, 16 F.3d 212, 217 (7th Cir. 1994)).

In *Franklin*, we cited favorably to the decisions of other circuits that had recognized the crime of escape as a crime of violence, including the Tenth Circuit, which noted that "[e]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious *potential* to do so." *Id.* at 724 (quoting *United States v. Gosling*, 39 F. 3d 1140, 1142 (10th Cir. 1994)); *see also United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir. 2002) (noting every escape, even where the prisoner merely walks away, involves a potential risk of injury to others); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir. 1999) (holding that escape from county workhouse or jail is a violent felony because of potential risk of injury); *United States v. Hairston*, 71 F.3d 115, 118 (4th Cir. 1995) (finding escape by stealth "inherently" presents serious potential risk of physical injury).

Bryant asks this Court to refine our decision in *Franklin* by holding that not every crime of escape amounts to a crime of violence. He urges this Court to instead follow a fact-specific approach when determining if a particular crime of escape should be categorized as a crime of violence. Specifically, he argues that the type of escape with which he was charged—failure to return to a halfway house after being absent on a work release—is more appropriately thought of as a "failure to return" than as an "escape." According to his reasoning, a failure to return to a halfway house after being absent with permission presents so much less of a risk of violence that it must be considered different and distinct from a "bust-out" or "slither-away" type of escape.

Our decision in *Franklin*, however, forecloses that argument. In that case, we rejected the defendant's argument that escape convictions "cannot be categorically classified as violent felonies because some prisoners escape without causing harm to others." *Franklin*, 302 F.3d at 724. We noted that "[t]o determine whether a particular offense is a violent felony, sentencing courts take a categorical approach, looking to the statutory elements of the crime, rather than the particular facts of the underlying conviction." *Id.* at 723 (citations omitted).

Bryant's argument is also inconsistent with the commentary to the sentencing guidelines provision defining a "crime of violence." The commentary specifically notes that it is "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted"—not the particular facts of the defendant's situation—that is relevant to the question of whether an offense is a "crime of violence." U.S.S.G. § 4B1.2 cmt. n.1. In addition, Bryant's approach risks opening the courts to countless arguments as to whether a crime is actually an "escape" or merely a "failure to return." In a similar context, the Supreme Court rejected such a fact-bound, case-by-case approach, noting

the "practical difficulties and potential unfairness of a factual approach." *Taylor v. United States*, 495 U.S. 575, 601 (1990) (embracing a categorical approach to determining whether an offense qualifies as a "violent felony" under 18 U.S.C. § 924(e)). We believe that treating the crime of escape as a category avoids these difficult line-drawing problems.

### III.  Conclusion

Because every escape involves "a serious potential risk of physical injury to another," we hold that the crime of escape, as a category, is a crime of violence for purposes of the federal sentencing guidelines. Bryant's previous escape conviction, resulting from his failure to report back to a halfway house, thus constitutes a crime of violence for purposes of his sentencing. The sentence imposed by the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*