**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Von A. HAMILTON, Defendant–**
**Appellant.**

No. 03–1213.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 6, 2003.

Decided Aug. 26, 2003.

Rehearing En Banc Denied
Sept. 25, 2003.

Tracy M. Johnson, Kelly B. Watzka, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

James E. Kachelski, Kachelski, Atta & Straub, Milwaukee, WI, for Defendant–Appellant.

Before BAUER, POSNER, and KANNE, Circuit Judges.

**ORDER**

Von Hamilton, who pleaded guilty to possession of 50 grams of cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1), was sentenced as a career offender under U.S.S.G. § 4B1.1 based on a Wisconsin escape conviction. The career offender provision increases the criminal history category and offense level (and thus the imprisonment range) of defendants who commit certain offenses after having been convicted of two felony controlled substance offenses or "crimes of violence," U.S.S.G. § 4B1.1(a), (b), which include any offense that "involves conduct that presents a serious potential risk of physical injury to another," § 4B1.2(a)(2). Hamilton insists that his escape—which involved his failure to return to the Milwaukee House of Correction after being released for a half-day work detail in the kitchen of a county jail—posed no serious risk of injury to others and asks that we overrule *United States v. Bryant,* 310 F.3d 550, 551 (7th Cir.2002), where we held that "the crime of escape, as a category," qualifies as a crime of violence for purposes of the career offender guideline.

But overruling *Bryant* would create a conflict among the circuits, seven of which

have held that escapes are inherently risky and thus always constitute a crime of violence under § 4B1.2. *United States v. Luster*, 305 F.3d 199, 202 (3d Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1773, 155 L.Ed.2d 528 (2003); *United States v. Turner*, 285 F.3d 909, 915–16 (10th Cir.), *cert. denied*, 537 U.S. 895, 123 S.Ct. 180, 154 L.Ed.2d 163 (2002); *United States v. Gay*, 251 F.3d 950, 954 (11th Cir.2001); *United States v. Nation*, 243 F.3d 467, 472 (8th Cir.2001); *United States v. Ruiz*, 180 F.3d 675, 677 n. 7 (5th Cir.1999); *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir. 1999); *United States v. Dickerson*, 77 F.3d 774, 777 (4th Cir.1996); *see also United States v. Jackson*, 301 F.3d 59, 63 (2d Cir.2002) (holding that escapes are categorically risky in the context of 18 U.S.C. § 924(e)), *cert. denied*, —— U.S. ——, 123 S.Ct. 2629, 156 L.Ed.2d 644 (2003). *But see United States v. Thomas*, 333 F.3d 280, 282–83 (D.C.Cir.2003) (declining to adopt categorical approach but holding that "escape from the person of an officer" is inherently risky).

Moreover, Hamilton offers no arguments that we overlooked in our earlier decision, only arguments we expressly rejected. He insists, for example, that escapes are not inherently risky and so must be considered on a case-by-case basis rather than treated categorically, but we rejected precisely this argument in *Bryant*—which, like this case, involved a halfway-house inmate who "escaped" by failing to return from a work assignment, *see Bryant*, 310 F.3d at 551–54–and in *United States v. Franklin*, 302 F.3d 722, 723–25 (7th Cir.), *cert. denied*, 537 U.S. 1095, 123 S.Ct. 708, 154 L.Ed.2d 644 (2002), a case interpreting the same "serious potential risk" language in 18 U.S.C. § 924(e)(2)(B)(ii). We noted in *Franklin* that all escapes—even nonconfrontational escapes "by stealth"—involve a serious risk of injury to others because escapees are likely to go to great lengths to evade detection and resist capture. *Id.* at 724. Hamilton disagrees with our assessment, but we indicated in *Franklin* that we would reconsider our position only if presented with *evidence* that we had overestimated the risk, *see id.*, and Hamilton offers none. Finally, Hamilton argues that the rule of lenity applies because the catchall provision is "ambiguous," but we have rejected that argument as well. *See United States v. Mrazek*, 998 F.2d 453, 455 (7th Cir.1993) (rule of lenity does not apply to interpretation of sentencing guidelines); *United States v. White*, 888 F.2d 490, 497–98 (7th Cir.1989) (same). None of Hamilton's arguments persuade us to reconsider *Bryant*.

AFFIRMED.