**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Byron Allen SEAGRAVES, aka Byron Ross, Defendant–Appellant.**

No. 03–5022.

United States Court of Appeals,
Sixth Circuit.

April 15, 2004.

Charles P. Wisdom, Jr., John Patrick Grant, Asst. U.S. Attorneys, U.S. Attorney's Office, Lexington, KY, Edwin J. Walbourn, III, U.S. Attorney's Office, Covington, KY, for Plaintiff–Appellee.

David F. Fessler, Ft. Thomas, KY, for Defendant–Appellant.

Before: DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

## OPINION

POLSTER, District Judge.

Defendant–Appellant Bryon Allen Seagraves, aka: Byron Ross ("Seagraves") appeals the district court's sentence following Seagraves' guilty plea to making a false statement to a licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6). The district court, applying United States Sentencing Guidelines § 2K2.1, determined that Seagraves was at Offense Level 17, Criminal History Category IV (37–46 months), and sentenced Seagraves to 37 months custody followed by two years of supervised release. Seagraves contends on appeal that the district court erred in not applying § 2X1.1, which would have resulted in a 3–level reduction for an "attempt." The correct guideline range, according to Seagraves, should have been 27–33 months. For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I. Factual Background

The facts in the instant case are not in dispute. In March of 2000. Seagraves pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base. On March 8, 2000. Seagraves was sentenced to 24 months imprisonment followed by a four-year term of supervised release. Seagraves served his prison term, and began his term of supervised release on February 1, 2001. On or about February 20, 2002. Seagraves walked into a pawn shop to apply for a firearm. Seagraves filled out the Firearm Transaction Record (ATF Form 4473). Question 12c on the ATF Form states: "Have you been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?" Seagraves falsely stated on the form "no." Seagraves submitted the completed form to the pawn shop when he was attempting to purchase a firearm. Seagraves never received the firearm because the false state-

---

* The Honorable Dan Aaron Polster. United States District Judge for the Northern District of Ohio, sitting by designation.

ment was uncovered by the Federal Bureau of Investigation. Seagraves knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year as defined by 18 U.S.C. § 921(a)(20). When asked why he falsified this form, Seagraves acknowledged what he did was wrong and in violation of the law. Seagraves stated. "I knew that when I applied for a gun, if I got the gun, then my name was clear of any charges. I just wanted to see if my name was clear." On July 15, 2002. Seagraves pleaded guilty to a one count indictment which charged him with making a false statement in connection with his attempted acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6).[1] In the revised presentence investigation report (PSR), Seagraves' guideline range was calculated using § 2K2.1. Seagraves objected to the PSR, arguing that he was entitled to a 3–level reduction under § 2X1.1(b)(1) because his offense was only an "attempt." *i.e.,* attempted acquisition of a firearm. On December 19, 2002, the district court held a sentencing hearing, during which Seagraves' objection to the PSR was overruled. Seagraves was sentenced to 37 months, the low end of the Guideline range. In his timely appeal, Seagraves reasserts the objection he made at sentencing.

## II. Standard of Review

In reviewing the application of the Sentencing Guidelines, the Court must review *de novo* questions of law concerning the application of the Sentencing Guidelines. *United States v. Humphrey,* 279 F.3d 372, 379 (6th Cir.2002)(citing *United States v. Young,* 266 F.3d 468, 474 (6th Cir.2001)).

## III. Law and Analysis

■ Seagraves argues that § 2K2.1 does not relate to an "attempt." The Court need not resolve this issue, since Seagraves was not convicted of an attempted crime. Seagraves pleaded guilty to a violation of 18 U.S.C. § 922(a)(6), which states that it is unlawful:

> for any person in connection with the acquisition or attempted acquisition of any firearm ... knowingly to make any false or fictitious oral or written statement ... with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C.A. § 922(a)(6). Section 922(a)(6) prohibits the making of a false statement in connection with the "acquisition or attempted acquisition of any firearm." The crime with which Seagraves was charged was completed at the moment he submitted the application for a firearm, on which he had knowingly made a false statement. He was sentenced on the basis of his having made a false statement in an attempt to acquire a firearm. Appendix A of the Sentencing Guidelines directs the application of § 2K2.1 for convictions under 18 U.S.C. § 922(a)(6). U.S. Sentencing Guidelines Manual (2003) at 499. Moreover, because Seagraves' offense is covered by a specific offense guideline, his reliance on § 2X1.1 for a sentencing reduction is misplaced. Section 2X1.1 only applies when the offense of attempt is not covered by a specific offense guideline. U.S.S.G. § 2X1.1(c)(1), *see also United States v. Isom,* 72 Fed.Appx. 372, 375 (6th Cir.2003) (unpublished decision)("Section 2X1.1 does not apply '[w]hen an attempt, solicitation, or conspiracy is expressly cov-

---

1. The Judgment and Conviction form inaccurately described the nature of the offense as "attempted acquisition of firearm by a convicted felon."

ered by another offense guideline section' ").

Seagraves further contends that § 2X1.1 mandates a 3–level reduction in the offense level because his offense was only an attempted acquisition of a firearm.[2] This Court has held that "[c]ompletion of the substantive offense under the guidelines renders the § 2X1.1 attempt reduction unavailable." *United States v. De-Santis*, 237 F.3d 607, 614 (6th Cir.2001). As the district court pointed out, Seagraves did not attempt to make a false statement; he made a false statement in an attempt to purchase a firearm. The district court properly concluded that § 2X1.1 did not apply and applied § 2K2.1. which applies to violations of 18 U.S.C. § 922(a)(6). *See United States v. Bryant*, 310 F.3d 550, 551–52 (7th Cir.2002) (applying § 2K2.1 for violation of § 922(a)(6)).

## IV. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

---

2. Counsel contented for the first time at oral argument that § 2F1.1 (now § 2B1.1) should apply because Seagraves' act of falsifying the ATF form was a fraud, and frauds fall under § 2B1.1. Seagraves did not raise this argument in the district court, nor did he raise it in his appellate brief. Unless exceptional circumstances are present, this Court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case.