**UNITED STATES of America,
Plaintiff,**

v.

**Larry WILLIS, Defendant.**

No. 02–CR–224.

United States District Court,
E.D. Wisconsin.

July 12, 2004.

Elizabeth Blackwood, Racine, WI, for Plaintiff or Petitioner.

Patrick Cafferty, Racine, WI, for Defendant or Respondent.

### *SENTENCING MEMORANDUM*

ADELMAN, District Judge.

Defendant Larry Willis pleaded guilty to armed bank robbery, and the United States Probation Office prepared a presentence report (PSR) in anticipation of sentencing. The PSR recommended that defendant be classified as a career offender under U.S.S.G. § 4B1.1. Under that guideline,

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Defendant did not dispute that he was at least eighteen when

he committed the armed bank robbery or that the offense was a crime of violence. However, he argued that he lacked the necessary predicate offenses to be a career offender.

To support its designation of defendant as a career offender, the PSR relied on two prior Wisconsin state convictions—a burglary conviction and a bail jumping conviction—suggesting that they qualified as "crimes of violence." Under § 4B1.2(a),

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[1]

In determining whether an offense qualifies as a crime of violence, the court employs a "categorical approach," analyzing the conduct specifically charged and the statutory definition of the offense rather than the underlying facts of the case. *See Taylor v. United States*, 495 U.S. 575, 601–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Defendant conceded that his burglary conviction (which involved a residence) was a crime of violence, but argued that the bail jumping offense did not so qualify. Under Wisconsin law, bail jumping is the

intentional failure to comply with the terms of release. Wis. Stat. § 946.49; *see also* Wis. JI–Criminal 1795 (2004) (stating that elements of offense are (1) that the defendant was arrested or charged with a criminal offense; (2) that the defendant was released from custody on bond; and (3) that the defendant intentionally failed to comply with the terms of the bond). If the underlying offense is a misdemeanor, bail jumping is also a misdemeanor, § 946.49(1)(a), and if the underlying offense is a felony, bail jumping is similarly a felony, § 946.49(1)(b). In the present case, the bail jumping offense of which defendant was convicted was a felony and thus met that requirement of § 4B1.2(a).

However, I concluded that bail jumping did not qualify as a crime of violence under § 4B1.2(a)(1) or (2). Bail jumping does not require the use, attempted use, or threatened use of physical force; nor is it included as one of the enumerated offenses. Further, bail jumping does not, by its nature, otherwise involve conduct that presents a serious potential risk of physical injury to another. No contact or potential for contact with another is required to commit the offense. In this case, for example, defendant committed bail jumping simply by failing to appear for trial after having been released on bond. His offense resulted from *inaction* rather than conduct "that present[ed] a serious potential risk of physical injury to another."[2]

The PSR relied on cases holding that escape qualifies as a crime of violence.

---

1. Application note 1 further provides: "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the

count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. n.1.

2. Although I employ a categorical approach, I discuss the particulars of defendant's offense because they are typical of many bail jumping offenses.

*E.g., United States v. Bryant,* 310 F.3d 550, 553 (7th Cir.2002) (citing *United States v. Franklin,* 302 F.3d 722 (7th Cir.), *cert. denied,* 537 U.S. 1095, 123 S.Ct. 708, 154 L.Ed.2d 644 (2002) and other cases). In *Franklin,* the court stated that in determining whether an offense is a crime of violence " 'the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario.' " 302 F.3d at 723 (quoting *United States v. Davis,* 16 F.3d 212, 217 (7th Cir.1994)).

> "A defendant who escapes from a jail is likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently, violence could erupt at any time. Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody."

*Id.* at 724 (quoting *United States v. Gosling,* 39 F.3d 1140, 1142 (10th Cir.1994)). The court rejected the argument that escape convictions cannot be categorically classified as violent felonies because some prisoners escape surreptitiously, without confronting or causing harm to others. "The important issue for violent felony analysis is always the potential for injury, not whether injury actually occurred." *Id.*

Nevertheless, under the plain language of § 4B1.2(a), the potential risk of physical injury to another must be "serious" and not merely theoretical. *See United States v. Charles,* 301 F.3d 309, 314 (5th Cir.2002)

(en banc) ("Injury to another need not be a certain result, but it must be clear from the indictment that the crime itself or the conduct specifically charged posed this serious potential risk."). Bail jumping does not, generally, present a serious risk of physical injury. The circumstances of a typical bail jumping case are highly unlikely to involve the "supercharged" emotions that may be present where a defendant has escaped. Bail jumping can be committed in a variety of ways, most of which are relatively innocuous. These include failing to appear in court, as in the present case; consuming proscribed substances, *see, e.g., State ex rel. Jacobus v. Wisconsin,* 208 Wis.2d 39, 53–54, 559 N.W.2d 900 (1997); *State v. Taylor,* 226 Wis.2d 490, 501–02, 595 N.W.2d 56 (Ct.App.1999); or having contact with prohibited persons, *see, e.g., State v. Martel,* 262 Wis.2d 483, 486, 664 N.W.2d 69 (2003). Law enforcement need not be involved; indeed, a person can commit bail jumping without leaving his house. It would be unreasonable to characterize such an offense as carrying a serious risk of physical injury.

It is, of course, possible that a bail jumper could become violent when apprehended but this possibility exists with all offenders, and no one could reasonably argue that all offenses are crimes of violence.[3] As Judge Melloy has noted, "All felons fear apprehension in the midst of, and following, their criminal conduct, and all may act recklessly when attempting to evade capture. But not all felonies may be read into the 'otherwise' clause of section 4B1.2(a)(2)." *United States v. Sun Bear,* 307 F.3d 747, 755 (8th Cir.2002) (Melloy, J., dissenting), *cert. denied,* 539 U.S. 916,

---

**3.** It may be questioned whether courts should even consider the potential violence that might occur after the crime has been completed. The guideline requires that the *conduct of the offense* present a serious risk of injury. In the escape situation, it can be plausibly argued that the actual conduct—leaving a secure facility—presents a serious risk of a violent confrontation with guards or others. However, the guideline language should not be stretched further to cover the potential for assault on an officer which exists later.

123 S.Ct. 2275, 156 L.Ed.2d 133 (2003). Reasonable, common sense lines must be drawn, and bail jumping must fall outside the definition of "crime of violence."

A review of the PSR revealed no other proper § 4B1.1 predicates. Therefore, defendant was not a career offender.