WILLIAMS, Circuit Judge,
dissenting.
Because I do not believe that “failure to report to jail” constitutes a “violent felony” under 18 U.S.C. § 924(e)(2)(B)(ii), I respectfully dissent.
The panel’s decision in this case is an outgrowth of our holding in United States v. Franklin, 302 F.3d 722, 724 (7th Cir.2002), that all escapes constitute violent felonies because “[e]ven the most peaceful escape cannot eliminate the potential for violent conflict when the authorities attempt to recapture an escapee.” Here, the panel opinion concludes that there can be no logical difference between capture and recapture. While it is a close question, I believe that we must draw a line between capture and recapture or risk exposing defendants to enhanced punishment under section 924 on the basis of virtually any felony. My view that Wisconsin’s “failure to report to jail” crime is not a violent felony under section 924 is supported by a close reading of the statute.
As Judge Bauer’s opinion observes, the relevant portion of section 924 defines “violent felony” as one which “is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B)(ii). The meaning of the final clause in section 924, beginning with “otherwise,” is far from clear. However, we can deduce its meaning by calling upon an age-old canon of statutory construction, ejusdem generis, which instructs that the scope of an ambiguous term in a statute is limited by more precise terms with which it is listed. See Tourdot v. Rockford Health Plans, 439 F.3d 351, 353 (7th Cir.2006) (“Ejusdem generis provides guidance on how to interpret language where meaning is not plain. This Latin phrase confines the scope of a general term to the nature of the preceding class or thing, unless a contrary intent is clearly shown.”); see also McBoyle v. United States, 283 U.S. 25, 26, 51 S.Ct. 340, 75 L.Ed. 816 (1931) (Holmes, J.) (“[Ajfter including automobile truck, automobile wagon and motor cycle, the words ‘any other self-propelled vehicle not designed for running on rails’ still indicate that a vehicle in the popular sense, that is a vehicle running on land is the theme. It is a vehicle that runs, not something, not commonly called a vehicle, that flies.”). In McBoyle, Justice Holmes famously concluded that the words “any other self-propelled vehicle not designed for running on rails” did not include airplanes where the more specific words in the statute referred only to vehicles that ran on land. See id.
*617 Here, it is worth asking if “failure to return to jail,” as that crime is defined in Wisconsin, is like burglary, arson, extortion, or crimes involving the use of explosives. The common thread between these crimes is that they all involve a “serious potential risk of physical injury to another.” See 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). To add failure to return to jail to the list would contort the will of Congress into enhanced punishment when there is any risk of physical injury.
In Davis, we stated that “in determining whether an offense falls under the ‘otherwise’ clause, the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario.” United States v. Davis, 16 F.3d 212, 217 (7th Cir.1994). Although we used the word “possibility,” the more appropriate term would have been “probability” — the probability of violent confrontation is the benchmark that best conforms with logic and Congressional intent. All crimes carry the possibility of violent confrontation — even the feeblest episode of shoplifting triggers the possibility that violent confrontation will ensue when a police officer attempts to apprehend the shoplifter. It seems unlikely, however, that Congress would have gone to the trouble of delimiting the reach of section 924 to “violent felonies” if it intended to subject even this crime to enhanced punishment for recidivism. Moreover, if Congress intended for the courts to examine the risk of physical injury in the abstract, it could have simply instructed the courts that “violent felonies” are all those involving “conduct that presents a serious potential risk of physical injury to another,” but it did not. Instead, the legislature chose to provide a list of crimes that presumably pose a comparable risk of physical injury to others. The dissimilarity between crimes involving the use of explosives and failure to report to jail could not be more extreme.
Our prior opinions on the classification of escape crimes under section 924 do not constrain our decision here. The Wisconsin law that Golden was previously convicted of violating provides: “Any person who receives a stay of execution of a sentence of imprisonment of 10 or more days to a county jail under s. 973.15(8)(a) and who intentionally fails to report to the county jail as required under the sentence is guilty of a Class H felony.” Wis. Stat. § 946.425(lm)(b). As we explained in Franklin, the categorical approach mandated by Taylor[1] requires us to “look[ ] to the statutory elements of the crime, rather than the particular facts underlying the conviction.” See Franklin, 302 F.3d at 723. In Franklin, the statutory elements of the escape crime at issue were “(a) the knowing and voluntary departure of a person (b) from lawful custody and (c) with intent to evade due course of justice.” Id. (quoting Miller v. State, 492 So.2d 978, 981 (Miss.1986)). While these were the only elements necessary to secure a conviction under the Mississippi escape statute, the first subsection of that statute gives a glimpse into the minds of the drafters, as it punishes “[wjhoever escapes or attempts by force or violence to escape from any jail in which he is confined.... ” See Miss. Code Ann. § 97-9-49. The important point is that the escape crime in Franklin punished intentional departure from custody, an act that usually requires physical force. This is likely the reason that the Mississippi legislature chose to punish first and foremost those who use force or violence to escape under § 97-9-49. Our other cases also involved statutes that punished active crimes posing a high risk of *618 physical injury to another. See, e.g., United States v. Howze, 343 F.3d 919, 921 (7th Cir.2003) (finding that statute which proscribed “knowingly flee[ing] or attempt[ing] to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians” was properly classified as a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii)) (quoting Wis. Stat. § 346.04(3)); United States v. Bryant, 310 F.3d 550, 553 (7th Cir.2002) (applying categorical approach to defendant’s “failure to return”-type escape and finding that it constituted a crime of violence where the statute punished “escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility”).
By contrast, Golden’s prior offense, failure to report to jail, is largely a crime of omission. Cf. United States v. Piccolo, 441 F.3d 1084, 1088 (9th Cir.2006) (“Those who leave without returning do not pose an automatic risk of danger and therefore do not categorically raise a serious potential risk of physical harm.”); United States v. Adkins, 196 F.3d 1112, 1119 (10th Cir.1999) (McKay, J., concurring) (“There is a quantum difference between the assumptions about the intrinsic danger of unauthorized departure from actual custody, as in this case, and of failure to return from authorized departure from actual custody.”). No element of the Wisconsin statute at issue involves force or violence, or suggests the likelihood of physical injury. While it is possible that, eventually, some physical altercation could occur, as Judge Rovner points out in her concurrence, the government has not introduced any evidence indicating that failure to report is typically a violent crime. Regardless, if a failure to report ultimately results in a violent confrontation, the violator’s record will likely contain a crime more appropriately suited to section 924’s violent crime definition, such as assault or battery. Thus, I would not find that Section 924(e)(2)(B)(ii)’s definition of “violent felony” includes Golden’s failure to report to jail felony.
By extending our violent felony jurisprudence to crimes such as failure to report to jail, we run the risk of compromising the very due process concerns that the Supreme Court addressed in McBoyle, where Justice Holmes wrote:
Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear. When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it, very likely broader words would have been used.
McBoyle, 283 U.S. at 27, 51 S.Ct. 340 (emphasis added); see also United States v. Lanier, 520 U.S. 259, 265, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (citing McBoyle for principle that due process requires fair warning “in language that the common world will understand”). No layman would anticipate that “failure to report to jail,” as that crime is defined in Wisconsin, would trigger a recidivist statute that punishes those guilty of committing multiple violent felonies. While that fact is not dispositive in our inquiry, it should trigger some alarm with regard to the distance our interpretation of section *619 924 has traveled from “language that the common world” would understand. For these reasons, I respectfully dissent.

. Taylor v. United States, 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).