ROVNER, Circuit Judge,
concurring.
I concur in my brother’s very fine opinion. I agree that treating failure to report to jail as a violent felony is a logical extension of our earlier decision treating failure to return to a halfway house as a violent felony. See United States v. Bryant, 310 F.3d 550 (7th Cir.2002). The risk to law enforcement is likely the same in capture as it is in recapture. Defense counsel relied largely on the difference between an active escape and a passive failure to report to demonstrate that the risks are not the same. There are many differences between those who escape and those who fail to report, but there are also many similarities. We assume for the purposes of this opinion that the similarities are greater than the differences and that both situations present a serious potential risk of physical injury to law enforcement or the public.
I write separately because, as a practical matter, we do not know the actual risks to law enforcement officers in recaptures following escapes (and in escapes, I include failures to return to halfway house custody) versus captures following failure to report to jail. The statute characterizes as a violent felony a crime that “is burglary of a dwelling, arson, or extortion, involves explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B) (emphasis added). I doubt that the failure to report for incarceration by its nature presents the same danger that escape from custody does. In Bryant, we declined the defendant’s invitation to reclassify his failure to return to halfway house custody as a “failure to return” rather than escape. Bryant was charged under an escape statute, which was appropriate because he was in a type of custody in the halfway house. We applied a categorical approach to Bryant’s escape conviction and concluded that it posed the same risks as any other escape.
The failure to report reflects deliberate disregard of an order, but it is not clear to me that a defendant who fails to report on schedule is any more likely to resist attempts to take him into custody than someone who commits contempt of court, for example. Escape is in that regard different: the defendant has demonstrated not only a willingness to disobey an order, but also a specific inclination to resist or evade restraint, making it likely that the authorities will have to employ force in order to recapture him. The mere failure to report to custody in the first instance does not reflect that extra element. No doubt the defendant who chooses not to report for jail as ordered appreciates that the authorities will come looking for him; but that decision, unlawful as it is, does not necessarily or even probably signal the defendant’s willingness to run or resist when a sheriffs deputy comes knocking on his door. There may well be some defendants in this situation who have no intention of going quietly, but we have no way of knowing how representative those individuals would be. The government has given us no statistics to support a conclusion that failure to report to jail presents a serious potential risk to the public or to the officers involved in the subsequent capture.
Because we use a categorical approach in making this determination, our decision *616 will have a wide-ranging effect. As counsel for Golden pointed out, a person who has never committed a violent crime in her life but has failed to report to jail in Wisconsin for three shoplifting sentences exceeding ten days each would face this enhancement as a violent felon. No other appellate court has considered whether failure to report to jail is a violent felony. Most circuits agree that all escapes, even those by stealth or those from halfway houses, are violent felonies, mainly because of the risks inherent in recapture. The Ninth Circuit has declined to apply our categorical approach to a failure to return to a halfway house. See United States v. Piccolo, 441 F.3d 1084 (9th Cir.2006). Now that we have found that failure to report constitutes a violent felony, we are on the path to determining that comparable crimes, a probation violation, for example, might qualify as well. If statistics do not bear out the assumption that persons who fail to report pose a serious potential risk of physical harm to others, we may have to reconsider our approach.