NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 3, 2007
Decided May 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3719

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> CLIFFORD BATES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 06-CR-47-001 <br><br> J.P. Stadtmueller, <br> *Judge.* |

**O R D E R**

Clifford Bates pleaded guilty to possessing a firearm as a felon, 18 U.S.C.
§ 922(g)(1), and possessing an unregistered firearm, 26 U.S.C. § 5861(d). Although
these crimes would not ordinarily trigger the application of U.S.S.G. § 4B1.1, the
career-offender guideline, Bates was carrying a sawed-off shotgun, *see* 26 U.S.C.
§ 5845(a), which renders his possession of the weapon a "crime of violence." *See*
U.S.S.G. § 4B1.2(a) & cmt. n.1; *United States v. Brazeau*, 237 F.3d 842, 845 (7th
Cir. 2001). Over Bates's objection, the district court concluded that a 2003
conviction in Wisconsin for escape also counted as a crime of violence. The court
applied the career-offender guideline and sentenced Bates to concurrent 96-month
terms of imprisonment and 3 years' supervised release. Bates timely appealed, but

his attorney moves to withdraw because he cannot identify any nonfrivolous issues to argue on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Bates has not responded to our invitation to comment on counsel's motion, *see* Cir. R. 51(b), and so we confine our review to the potential issues raised in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel informs us that he has consulted with his client and determined that Bates does not wish to withdraw his guilty pleas, and counsel accordingly bypasses discussion of issues relating to the voluntariness of the pleas. *See United States v. Torres*, No. 06-3583, 2007 WL 925348 (7th Cir. Mar. 29, 2007); *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Counsel turns to the sentence, and first considers arguing that Bates's conviction for escape should not have counted as a crime of violence for purposes of triggering the career-offender guideline. *See* U.S.S.G. §§ 4B1.1; 4B1.2(a) & cmt. n.1. As counsel correctly concludes, however, the argument would be precluded by our decisions holding that escapes, including so-called "walk away" escapes like Bates's, are categorically crimes of violence (and "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)) for purposes of the sentencing guidelines. *United States v. Bryant*, 310 F.3d 550, 553-54 (7th Cir. 2002); *United States v. Franklin*, 302 F.3d 722, (7th Cir. 2002) ("Even the most peaceful escape cannot eliminate the potential for violent conflict when the authorities attempt to recapture an escapee.").

Counsel also considers arguing that Bates's 96-month sentence is unreasonable. However, the sentence is just four months shy of the bottom of the advisory guideline range, and counsel identifies no factors under 18 U.S.C. § 3553(a) that compel a prison sentence at or below the very bottom of the range. The district court reviewed Bates's arguments in favor of a lower sentence—the declining severity of his crimes over time, the nonviolent nature of his 2003 escape, and Bates's commitment to changing his lifestyle—but was not persuaded that these considerations outweighed the factors supporting a longer prison sentence. The district court noted that Bates had not been deterred by the short sentences he received for his prior convictions—all in state court—and that he had been carrying a particularly dangerous firearm. The district court duly considered the § 3553(a) factors and articulated its reasons for the sentence chosen, *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir.2005), and so we agree with counsel that any argument that the sentence is unreasonable would be frivolous.

Finally, counsel points out the district court's error in failing to specify the number of drug tests Bates must undergo while on supervised release. *See United States v. Bonnano*, 146 F.3d 502, 511 (7th Cir. 1998). However, counsel notes that we would review the issue only for plain error because Bates did not object in the district court. We recently held, in an opinion circulated to the entire court under Circuit Rule 40(e), that a district court's erroneous delegation to the probation office

of the authority to direct drug testing does not affect a defendant's substantial rights and therefore is not plain error. *United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007). Thus it would be frivolous to argue that the district court committed plain error with respect to the special condition of supervised release in this case.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.